Memorandum. The order of the Appellate Division should be affirmed, with costs. The order denying the attorney’s motion to withdraw from representation of the insureds in this personal injury negligence action rested in an exercise of discretion in the management of the litigation (see Cohen and Karger, Powers of the New York Court of Appeals, § 151). Consequently, in the absence of an abuse of discretion as a matter of law this court will not reverse such an order (id.). The instant order, far from resulting from an abuse of discretion, was based on the recognition, as the parties concede, that a motion to withdraw as counsel is a poor vehicle to test an insurer’s right to disclaim liability or deny coverage. On the contrary, the courts below were entitled to regard such a devious and summary procedure as inappropriate to determine issues of some complexity and not completely reachable on the motion (Brooks v. City of New York, 1 Misc 2d 740; cf. Schumm v. Long Is. Light Co., 56 Misc 2d 913). (See, generally, 31 N. Y. Jur., Insurance, §§ 1327-1329, 1555.) Just for that reason and in the light of section 167 of the Insurance Law giving an injured party a direct remedy against an insurer, plaintiff was a proper party to resist the motion to withdraw as attorney for the insureds (Bialy v. Reeber, 54 Misc 2d 773). (As to rights of injured persons against an insurer in various eventualities, see, generally, 31 N. Y. Jur., Insurance, §§ 1265, 1347, 1349-1351.)
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed, with costs, to plaintiff-respondent in a memorandum.