■ JOHANNA PATIENCE, Appellant, v LLOYD PATIENCE, Respondent.—In a matrimonial action, plaintiff appeals from a judgment of divorce of the Supreme Court, Westchester County, dated January 6, 1976. Judgment affirmed, without costs or disbursements. The determination is supported by the record and appellant's representation at the trial was adequate (see *People v Smith,* 31 AD2d 847). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.

■ CHARLES PRESLEY, Respondent, v CECIL WILLIAMS, Respondent, and PERRY SKLARIN, Appellant.—In a negligence action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Queens County, dated February 11, 1977, which denied appellant's motion to withdraw as attorney for the defendant on the ground that the latter's insurance company had disclaimed coverage. Order affirmed, with $50 costs and disbursements to plaintiff payable by appellant. An attorney cannot use a motion to withdraw as a means of determining the validity of an insurance company's disclaimer *(Brothers v Burt,* 27 NY2d 905). However, Special Term was premature in determining that the insurance company was estopped from disclaiming liability. The appropriate vehicle to resolve that issue is a declaratory judgment action. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.

■ THOMAS J. RISI et al., Respondents, v ROWE INDUSTRIES, INC. et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Nassau County, dated January 10, 1977, which granted plaintiffs' motion to increase the *ad damnum* clause for the personal injuries sustained by Thomas J. Risi. Order affirmed, with $50 costs and disbursements. The injured plaintiff, a husband and father of three children, was 31 years old at the time of the accident. As a result of the accident, he is permanently brain damaged and disabled. This application was made sufficiently in advance of trial so as to result in no prejudice to appellants. The increase in the *ad damnum* clause is warranted on the medical proof as to the cause and the now ascertainable extent of the injuries. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.