■ SALLY LIPPNER, Appellant, v MARVIN W. EPSTEIN et al., Defendants, and SUZANNE H. LIPPNER, Also Known as SUZANNE H. EPSTEIN, Individually and as Custodian of MELANIE P. EPSTEIN and Others, Respondent.—In an action, *inter alia,* to recover damages for conversion of securities, plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, dated September 11, 1978, as, after a nonjury trial, denied recovery of those securities transferred as gifts under the Uniform Gifts to Minors Act. Judgment affirmed insofar as appealed from, with costs. The contested securities had been purchased in the name of the defendant daughter, Suzanne Epstein, nee Lippner, as custodian for either Eric, Rhonda or Melanie Epstein (plaintiff's grandchildren) under the Uniform Gifts to Minors Act. Plaintiff testified that she had retained physical custody of these securities and had received all of the dividends. These were placed either in custodial accounts for the grandchildren or were reinvested. This testimony indicates only a retention of custodial control, not the lack of donative intent asserted by plaintiff (see *Gordon v Gordon,* 70 AD2d 86). Such retention, although improper, does not affect the validity of the gifts (EPTL 7-4.1, subd [c]) and under EPTL 7-4.2 (subd [a]), the donees thus obtained indefeasibly vested title to the securities (see *Gordon v Gordon, supra).* Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.

■ MARGARET NEITHERCUT, Appellant, v ESTON EBANKS et al., Defendants, and JULIUS J. SCAVUZZO, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, dated April 18, 1979, as, upon granting her motion to discharge her attorney, awarded the outgoing attorney "15% of the gross recovery herein." Order modified by deleting therefrom the provision establishing the percentage due the outgoing attorney and substituting therefor a provision that the amount of the attorney's lien shall be determined by the court on a *quantum meruit* basis at the conclusion of the litigation. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff clearly is entitled to substitute attorneys at any time during the litigation, and the discharged attorney is entitled to be compensated for services rendered. However, at this early stage of the action, a fixed percentage of the recovery set before the relative contributions of services rendered by respective counsel can be determined, is premature. Rabin, J. P., Cohalan, Margett and Gibbons, JJ., concur.