■ GLOBE INDEMNITY COMPANY, Appellant, v FRANKLIN PAVING COMPANY, Respondent, et al., Defendants.—In an action, *inter alia,* to declare that the plaintiff insurer is not obligated to defend or indemnify defendant Franklin Paving Company in an action brought against it by defendants Feiger, plaintiff appeals from a judgment of the Supreme Court, Kings County, dated May 28, 1979, which adjudged, *inter alia,* that the order of Mr. Justice Beckinella, dated April 28, 1976, is "valid and subsisting" and that said order established the law of the case "and is now res judicata." Judgment modified, on the law, by deleting therefrom subdivision 3 of the decretal paragraph and substituting therefor a provision that the plaintiff is required to defend and indemnify the defendant Franklin Paving Company, up to the policy limits, with respect to the negligence cause of action asserted by the defendants Feiger against the Franklin Paving Company upon the theory that said company had negligently completed a paving operation. As so modified, judgment affirmed, with $50 costs and disbursements to respondent. The trial court erred in determining that the prior order of Mr. Justice Beckinella, dated April 28, 1976, had established the "law of the case" and that the matter was therefore *res judicata.* Said order, which merely denied a *motion* by counsel retained by the plaintiff insurance company to withdraw as attorneys for the defendant Franklin Paving Company, clearly did not purport to determine the sole issue presented here, i.e., the validity of plaintiff's disclaimer of liability predicated on noncoverage (see *Feiger v Waldbaum's Super Markets,* Supreme Ct, Kings County, Sept. 22, 1975, Beckinella, J.; see, also, *Brothers v Burt,* 27 NY2d 905; *Presley v Williams,* 57 AD2d 947). It is well established that the doctrine of the "law of the case" applies only where there has been a final determination of a particular controversy on the merits (see, generally, Siegel, New York Practice, § 443 *et seq.).* Moreover, even if applicable to Trial Term here, said doctrine is inapplicable on this appeal to render an erroneous determination binding, since this precept affects only courts of coordinate jurisdiction (see *Martin v City of Cohoes,* 37 NY2d 162; *Todd Equip. Leasing Co. v Pierce Trading Corp.,* 63 AD2d 1018; 10 Carmody-Wait 2d, NY Prac, § 70:406). Finally, although Trial Term failed (because of the nature of its determination) to consider the instant action on its merits, we may do so

now in the first instance on appeal in view of the fact that this declaratory judgment action was submitted to Trial Term upon an agreed statement of facts in lieu of trial and may be determined as a matter of law (cf. CPLR 3222; *Bernardine v City of New York,* 294 NY 361, 366-367). Upon consideration of the underlying complaint, we find that the plaintiff is not entitled to the declaration which it seeks. Plaintiff commenced this action for a declaration that it had no contractual liability to defend and indemnify the defendant paving company based upon a clause in its insurance policy which specifically excluded coverage for "completed operations". Plaintiff, cognizant of the fact that respondent was being sued upon a "completed operation", nevertheless undertook the respondent's defense, answered, conducted depositions and, in all, delayed for more than 14 months after the institution of the underlying action before giving its insured notice of the purported disclaimer. It is clear that subdivision 8 of section 167 of the Insurance Law (as amd by L 1975, ch 775, § 1, eff Oct., 1975 [providing, in effect, that the failure to make a prompt disclaimer is itself sufficient to estop an insurance company from disclaiming liability or denying coverage]) is inapplicable in the case at bar, as the alleged injuries in the underlying action were sustained *prior* to the effective date of the amendment to that section. Accordingly, this action is governed by common law rather than statute (see *Western World Ins. Co. v Jean & Benny's Rest.,* 69 AD2d 260), and under the common-law rule, prejudice must generally be established as the result of an unreasonable delay in disclaiming before an insurer will be estopped from asserting noncoverage (see *Western World Ins. Co. v Jean & Benny's Rest., supra; Ashland Window & Housecleaning Co. v Metropolitan Cas. Ins. Co. of N. Y.,* 269 App Div 31). However, it is equally well settled that where an insurer has undertaken the defense of an action on behalf of an insured, with knowledge of the facts constituting a defense to coverage under the policy, and where, during the interim, the insured is thereby deprived of the control of his defense, the former may be estopped from asserting that its policy does not cover the underlying claim (see *Moore Constr. Co. v United States Fid. & Guar. Co.,* 293 NY 119, 123-124; *Rosenwasser v Globe Ind. Co.,* 224 NY 561; *Rosenbloom v Maryland Cas. Co.,* 153 App Div 23). By application of this principle, the plaintiff herein is estopped from denying coverage, and must, therefore, defend and, if necessary, indemnify the respondent in connection with the underlying action. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.