■ THOMAS MONAGHAN et al., Respondents-Appellants, v RONALD MEADE, Doing Business as 9W SUPERETTE, et al., Defendants, and VICTOR ROSSI, Respondent. LEVINSON, JENKINS AND KARGER, Appellant-Respondent. — In an action to recover damages for personal injuries, etc., plaintiffs and Levinson, Jenkins and Karger, the law firm assigned to defend Robert Meade, doing business as 9W Superette (Meade), cross-appeal from an order of the Supreme Court, Orange County (Dachenhausen, J.), dated January 14, 1982, which, upon reargument and renewal of the law firm's application to withdraw as counsel for Meade in the above-entitled matter, directed a hearing to deter-

mine whether Meade had failed to co-operate in his defense. Leave to appeal is granted by Justice Titone. Order reversed, on the law, with $50 costs and disbursements payable to plaintiffs by the movant law firm, and said firm's application is denied, without prejudice to the commencement of a declaratory judgment action by the Heritage Mutual Insurance Company. In this personal injury action stemming from a fall by plaintiff Thomas Monaghan while he was on the premises owned, *inter alia,* by defendant, Victor Rossi, and occupied by defendant Meade, the law firm of Levinson, Jenkins and Karger moved to withdraw as attorney of record pursuant to CPLR 321 (subd [b], par 2). The firm is counsel for Meade's insurer, Heritage Mutual Insurance Company, and was assigned to represent Meade in this action. Plaintiffs commenced the within action by service of a summons and complaint on or about January 3, 1980. Sometime thereafter Heritage assigned its law firm, Levinson, Jenkins and Karger, to represent its insured. The litigation proceeded through the interposing of a defense for Meade by the law firm, and the conducting of examinations before trial. On June 15, 1981 Heritage sent Meade a letter by certified mail in which it disclaimed coverage and informed him that it had advised its law firm to withdraw as counsel in the action. The carrier contended in the letter that Meade had failed to appear at a number of scheduled examinations before trial and that previously he had only intermittent contact with it. The application of the firm was initially denied (Dachenhausen, J.) on November 30, 1981 because Meade had not been served with a copy of the moving papers. However, Special Term afforded the firm an opportunity to correct the infirmity by granting it leave to renew the application. On January 14, 1982, after proof was submitted that service of a copy of the moving papers had been made upon Meade's mother on his behalf, Special Term (Dachenhausen, J.) granted the motion of the law firm to withdraw as Meade's attorney in this action, "only to the extent that a hearing shall be held to determine the issue of whether defendant Robert Meade had failed to cooperate in his defense." We disagree with Special Term's determination. In moving for a judicially approved withdrawal in this case, the law firm for the carrier is in fact seeking an implied judicial ratification of the latter's disclaimer without a determination or declaration to that effect. It is settled law in this State that a motion to withdraw as counsel is a poor vehicle to test an insurer's right to disclaim liability or deny coverage (*Brothers v Burt,* 27 NY2d 905; *Presley v Williams,* 57 AD2d 947). In this instance the appropriate vehicle to resolve such issue would be a declaratory judgment action brought by the disclaiming insurer (cf. *Presley v Williams, supra*). Indeed, the utility of a declaratory judgment action in cases involving a dispute as to coverage cannot be denied. It is a remedy readily adaptable to controversies in which there is a dispute over the coverage offered by a policy as applied to a crystalized set of facts. Oftentimes it is the most expeditious and fairest method by which an insurer can secure an advance determination as to its contractual duty to defend or indemnify one of its policyholders (*Firemen's Fund Ins. Co. v E. W. Berman, Inc.,* 391 A2d 99, 101 [RI]; 20 Appleman, Insurance Law & Practice, § 11332; 6A Moore, Federal Practice [2d ed], par 57:19). We also reject the argument of the moving law firm contained in its reply brief that plaintiffs are not aggrieved by the determination of Special Term, and thus are not proper parties on appeal. Such a contention was expressly laid to rest by the Court of Appeals in *Brothers v Burt* (*supra,* p 906), when it stated, *inter alia,* "in the light of section 167 of the Insurance Law giving an injured party a direct remedy against an insurer, *plaintiff was a proper party to resist the motion to withdraw as attorney for the insureds*" (emphasis supplied). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.