■ ROSALIND B. FLANS et al., Plaintiffs, v JOSEPH P. MARTINI et al., Appellants, and SAMUEL SMITH, Respondent.—Order of the Supreme Court, New York County (Louis Grossman, J.), entered on April 23 1987, which granted the motion by attorneys Weiss, Molod, Berkowitz and Godosky, P. C., for leave to withdraw as counsel for defendant Samuel Smith, is unanimously reversed, on the law, and the motion denied, with costs and disbursements.

The complaint herein alleges that on July 18, 1985 at approximately 10:00 A.M., plaintiff Rosalind B. Flans was walking on Broadway in front of 833 Broadway in New York County when she was struck by an object or a part of the

building. Defendant Samuel Smith was performing certain repairs or construction work on the premises. She thereafter commenced an action against the owners of 833 Broadway, defendants Joseph Paul Martini and Bessi Robinson, and the contractor, defendant Smith. Smith's insurance company, Mount Vernon Fire Insurance Company, retained the law firm of Weiss, Molod, Berkowitz and Godosky, P. C., to represent its insured in the present litigation. However, Mount Vernon subsequently advised Smith that it was disclaiming coverage because of his lack of cooperation and was directing Weiss, Molod to withdraw as counsel. In a letter dated February 10, 1987 and addressed to the law firm, Mount Vernon detailed the unsuccessful efforts which it had purportedly undertaken to contact Smith. Weiss, Molod, which had already interposed an answer in the action on behalf of Smith, then moved in the Supreme Court for leave to withdraw as Smith's attorney, asserting that Mount Vernon was disclaiming coverage on the ground of lack of cooperation and had directed the law firm to withdraw from the representation and defense of Smith in this lawsuit. The court granted the motion without providing any reason for its decision. Defendants Martini and Robinson have appealed.

As the Court of Appeals explained in *Thrasher v United States Liab. Ins. Co.* (19 NY2d 159), the insurer has a heavy burden of demonstrating lack of cooperation on the part of the insured and must show that it acted diligently in attempting to bring about the insured's cooperation, that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation and that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction *(see also, Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.],* 36 NY2d 719). In the instant situation, the record is completely devoid of any proof regarding the insurer's efforts to contact its insured; in that respect, there is not a single affidavit from the insurer or any of its agents as to how the insured's cooperation was sought and describing the latter's willful and avowed obstruction. Certainly, a letter written to its counsel by the insured is entirely inadequate as evidence of the foregoing. Moreover, "the nonaction of the insured, which is the only factual basis in this case, cannot in this instance be escalated into a finding of ' "willful and avowed obstruction" ' " *(Matter of Statewide Ins. Co. v Ray,* 125 AD2d 573, 574). Even more significant, perhaps, is the fact that a motion to withdraw as counsel is not an appropriate way to establish an insurer's right to

disclaim liability or deny coverage *(Brothers v Burt,* 27 NY2d 905). Rather, the proper procedure to resolve such an issue is a declaratory judgment action *(Monaghan v Meade,* 91 AD2d 1014). Concur—Sandler, J. P., Carro, Asch and Milonas, JJ.