■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY BERDECIA, Appellant

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Ellerin, JJ.

(May 10, 1988)

■ LAURA ACCESSORIES, INC., Plaintiff, v A.P.A. WAREHOUSES, INC., Appellant. GWERTZMAN, PFEFFER, TOKER & LEFKOWITZ et al., Respondents.

APA's insurance company assigned counsel to represent APA in this action by a lessee of APA's warehouse for damages from losses due to burglary at the warehouse. Counsel moved to withdraw on the grounds that APA violated the terms of the insurance policy by failing to notify the insurance company of the claim as soon as practicable.

The right to deny coverage is not properly tested by a motion of counsel to withdraw. The issue can only be resolved by a declaratory judgment action in which the defendant would be able to adequately litigate the facts of its disclaimer. The IAS court's decision, in effect, validated the disclaimer without the opportunity of the insured to be heard. (Brothers v Burt, 27 NY2d 905; Monaghan v Meade, 91 AD2d 1014, 1015; Presley v Williams, 57 AD2d 947.) Concur—Murphy, P. J., Ross, Kassal and Rosenberger, JJ.