■ HUBERT SOJKA, Plaintiff, v 43 WOOSTER LLC, Appellant, et al., Defendants. KUCZINSKI, VILA, TARALLO, PILLINGER & MILLER, LLP, Nonparty Respondent. [797 NYS2d 474]—

Order, Supreme Court, New York County (Shirley Werner

Kornreich, J.), entered August 6, 2004, which granted the motion to withdraw of the nonparty law firm retained by the insurance carrier to defend defendant, unanimously reversed, on the law, without costs, and the motion denied.

Defendant is the owner of the property designated as 43 Wooster Street, New York, New York, where plaintiff, a construction worker, was allegedly injured when he fell from a scaffold. Defendant's liability carrier, Indian Harbor Insurance Company, by letter dated May 14, 2004, disclaimed coverage, claiming that defendant did not report the accident until approximately two years after the occurrence. Indian Harbor advised defendant that it would no longer pay to defend the claim or indemnify it in the case of liability.

The law firm retained by Indian Harbor to represent defendant subsequently moved to be relieved as counsel on the grounds that withdrawal is permitted if the client refuses to pay, and that the case is in its infancy, so no prejudice to defendant would result should the motion be granted. Defendant's arguments revolve primarily around the validity of Indian Harbor's disclaimer, but also note that a motion to withdraw is not the proper vehicle for testing a carrier's right to disclaim coverage. We agree and reverse, as it is settled that a motion for withdrawal by counsel under such circumstances is an improper attempt to test the disclaimer of coverage by the insurer (*see Brothers v Burt*, 27 NY2d 905, 906 [1970]; *Pryer v DeMatteis Orgs., Inc.*, 259 AD2d 476, 477 [1999]; *Garcia v Zito*, 242 AD2d 258, 259 [1997]), and that the right of an insurer to deny coverage, " 'can only be resolved by a declaratory judgment action in which the defendant would be able to adequately litigate the facts of [the insurance company's] disclaimer' " (*Garcia v Zito*, 242 AD2d at 259, quoting *Laura Accessories, Inc. v A.P.A. Warehouses, Inc.*, 140 AD2d 182 [1988]). Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.