[800 NYS2d 385]

VERNON DILLON, Appellant, v OTIS ELEVATOR Co. et al., Defendants. WHITE FLEISCHNER & FINO, LLP, Nonparty Respondent. (And a Third-Party Action.)

First Department, July 28, 2005

**APPEARANCES OF COUNSEL**

*Noreen M. Giusti*, Kew Gardens *Susan A. Mancuso*, New York City, and *Raskin & Kremins, LLP*), New York City, for appellant.

*White Fleischner & Fino, LLP*, New York City (*Alisa Dultz* and *Nancy Lyness* of counsel), for respondent.

**OPINION OF THE COURT**

Sullivan, J.

This case presents a challenge to the applicability of the oft-repeated principle that withdrawal of counsel retained by a liability insurer to represent a defendant in a third-party action is an inappropriate vehicle for testing the insurer's disclaimer of coverage.

The law firm of White Fleischner & Fino, LLP (WF&F), attorneys of record for defendant and third-party plaintiff Bush Elevator Corp., having been assigned to represent Bush by its liability insurer, CNA/Continental Casualty Company (CNA), moved to withdraw as Bush's attorneys based on the latter's allegedly flagrant refusal to cooperate in the defense of this personal injury action against it. This lack of cooperation had led CNA, just one week before WF&F's motion, to notify Bush of its disclaimer of coverage based on a failure to cooperate.

In moving to be relieved, WF&F noted that Bush's lack of cooperation had already resulted in the entry of an order of preclusion barring Bush from offering as a witness Nathan Glick, its principal and signatory to the elevator service contract that gave rise to the underlying claims against Bush. Bush was also precluded from offering documents that were the subject of unsatisfied discovery demands. As the record shows, Glick had flouted a court order compelling his appearance for deposition, and Bush had failed to respond to requests for elevator inspection reports and work tickets. In fact, the Bush employee's last words to WF&F's investigator, who made repeated attempts to obtain Bush's cooperation, were to "get the hell out" of Bush's office. This was coupled with a denial that Glick even existed.

While Bush did not oppose the motion, plaintiff did, arguing that the Court of Appeals, in *Brothers v Burt* (27 NY2d 905 [1970]), had precluded withdrawal of counsel as a matter of law on the basis of the insurer's disclaimer of coverage. Conceding that a motion to withdraw as counsel is an improper vehicle for testing the propriety of a disclaimer, WF&F argued that withdrawal was appropriate given Bush's repeated and intentional refusal to cooperate with counsel. It stressed that it was acting on its own and not at CNA's behest in seeking withdrawal. Supreme Court granted the motion without explanation. Plaintiff appeals. The order should be affirmed.

Contrary to plaintiff's argument, *Brothers v Burt* did not enunciate a bright line rule that the withdrawal of counsel in circumstances such as these should be denied as an inappropriate vehicle for testing the propriety of an insurer's disclaimer of coverage. In the Court of Appeals' view, the nisi prius court's denial of the motion to withdraw was based on "an exercise of discretion in the management of the litigation" and did not constitute an abuse of discretion as a matter of law (*id.* at 906). Such determination is a far cry from setting forth a rule of law. Furthermore, the affirmed order in *Brothers* was based "on the recognition, as the parties concede, that a motion to withdraw as counsel is a poor vehicle to test an insurer's right to disclaim liability or deny coverage" (*id.*). That is not the case here at all.

As a review of the facts clearly shows, WF&F's motion to withdraw was not an attempt to support or litigate CNA's disclaimer of coverage. CNA has, in fact, commenced a declaratory judgment action against Bush, currently pending (*Continental Cas. Co. v Bush El. Corp.*, Sup Ct, NY County, Index No. 101363/05), to determine the propriety of its disclaimer. Rather,

WF&F's motion was based on Bush's absolute refusal to communicate with it and to cooperate with its efforts to defend it in this action. Merely repeating the refrain that a motion to withdraw is an inappropriate vehicle for testing the propriety of an insurer's disclaimer of coverage (*see e.g. Pryer v DeMatteis Orgs., Inc.*, 259 AD2d 476 [1999]) is insufficient to establish the applicability of that principle to this case. Here, Bush refused to communicate or cooperate with its own lawyers in its defense. Thus, WF&F's motion to withdraw stands on its own merits, whatever impact it might have on CNA's disclaimer of coverage. Unlike *Brothers v Burt*, where the issues of the insurer's right to disclaim liability or deny coverage were complex and "not completely reachable" on the withdrawal motion (27 NY2d at 906), here there exists the discrete issue of Bush's adamant refusal to cooperate with WF&F in its defense, which can be resolved on this motion and should be disposed of on the merits.

For that reason, plaintiff's reliance on *Monaghan v Meade* (91 AD2d 1014 [1983]) is misplaced. There, counsel had sought to withdraw because the insurer had disclaimed coverage and had directed the law firm to withdraw (*id.* at 1015); here, WF&F acted on its own because of its inability to defend Bush, given the latter's noncooperation. Under controlling law, Bush's conduct in frustrating WF&F's ability to defend it effectively constitutes good cause for granting counsel's motion to withdraw (*see e.g. Bok v Werner*, 9 AD3d 318 [2004]).

This Court's decision in *Flans v Martini* (136 AD2d 498 [1988]) demonstrates the difference between the circumstances that permit a withdrawal and those that do not. There, the insurer advised its insured that it was disclaiming coverage because of his lack of cooperation and directed the defendant's attorneys to withdraw from their representation of the defendant. The attorneys based their motion to withdraw on the insurer's disclaimer and its instruction to the lawyers to seek withdrawal. There was no evidence in the record as to how the insured's cooperation was sought or any description of the insured's obstruction. As noted, that is not the case here.

In attempting to justify reversal of Supreme Court's grant of withdrawal, plaintiff repeatedly invokes the mantra that a motion to withdraw is an inappropriate vehicle to test an insurer's disclaimer of coverage. Plaintiff's argument for a rule that provides a blanket rejection of a lawyer's right to withdraw where its client has manifested a wholesale refusal to cooperate or communicate with the attorney runs afoul of Code of Profes-

sional Responsibility DR 2-110 (22 NYCRR 1200.15 [c] [1] [iv]), which allows a lawyer to withdraw from representing a client if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively."

The courts of this state routinely grant motions to withdraw as counsel on this ground (*see e.g. McCormack v Kamalian*, 10 AD3d 679 [2004]; *Walker v Mount Vernon Hosp.*, 5 AD3d 590 [2004]; *Galvano v Galvano*, 193 AD2d 779 [1993]). This Court's decision in *Bok v Werner* (9 AD3d 318 [2004], *supra*) is instructive. There, in moving to withdraw, counsel established that its client's conduct—specifically, his failure to respond to any of counsel's communications—made it unreasonably difficult for counsel to represent him effectively. In reversing, we held that "the denial of permission to withdraw amounted to improvident exercise of discretion" (*id.*).

What plaintiff's argument ignores is that the blanket rule it advocates compels an attorney to continue representing a client who refuses to cooperate or assist or even communicate with the attorney. Attorneys should not be placed in such a trap (*see Bok v Werner*, 9 AD3d 318 [2004], *supra*; *McCormack v Kamalian*, 10 AD3d 679 [2004], *supra*; DR 2-110 [c] [1] [iv]).

Finally, it should be noted that CNA gains no tactical or strategic advantage by WF&F's withdrawal. In fact, if CNA is unsuccessful in its declaratory judgment action and Bush, as expected, does not defend itself in the event of WF&F's withdrawal, CNA would be subject to a potential liability that it has forfeited its right to contest.

Accordingly, the order of the Supreme Court, Bronx County (Anne E. Targum, J.), entered May 6, 2004, insofar as it granted the motion of nonparty respondent White Fleischner & Fino, LLP to withdraw as counsel for defendant Bush Elevator Corp., should be affirmed, without costs or disbursements.

Mazzarelli, J.P., Andrias, Saxe and Marlow, JJ., concur.

Order, Supreme Court, Bronx County, entered May 6, 2004, affirmed, without costs or disbursements.