■ Agostino Iacobellis, Plaintiff, v A-1 Tool Rental, Inc., et al., Appellants, et al., Defendants. Wilson Elser Moskowitz Edelman & Dicker, LLP, Nonparty Respondent. [885 NYS2d 293]—

In an action to recover damages for personal injuries, the defendants A-1 Tool Rental, Inc., and LaPietra Machinery & Equipment Rental, Inc., appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated December 18, 2008, which granted the motion of Wilson Elser Moskowitz Edelman & Dicker, LLP, for leave to withdraw as their counsel.

Ordered that the order is reversed, on the law, with costs, and the motion is denied, without prejudice to the commencement of an action by the appellants' insurer James River Insurance Company for a judgment declaring that it is not obligated to defend and indemnify the appellants in the instant action.

Wilson Elser Moskowitz Edelman & Dicker, LLP (hereinafter Wilson Elser), was retained by James River Insurance Company (hereinafter James River) to defend the insured entities A-1 Tool Rental, Inc., and LaPietra Machinery & Equipment Rental, Inc. (hereinafter the appellants), in the instant personal injury action. After James River issued a letter disclaiming coverage and denying that it had a duty to defend the appellants in this action, Wilson Elser moved for leave to withdraw as the attorney of record for the appellants. After oral argument, the Supreme Court granted Wilson Elser's motion. We reverse.

The motion of Wilson Elser was a "poor vehicle" to test the propriety of the disclaimer of coverage and withdrawal of defense by James River (*Brothers v Burt,* 27 NY2d 905, 906 [1970]; *see Seye v Sibbio,* 33 AD3d 608 [2006]; *Garcia v Zito,* 242 AD2d 258 [1997]; *Pryer v DeMatteis Orgs.,* 259 AD2d 476 [1999]). An action seeking a declaratory judgment respecting the rights of the insured entities vis-à-vis their insurance carrier pursuant to the subject insurance policy is the appropriate means of resolving the issue of coverage, as it will afford the insured entities an opportunity to adequately litigate James River's disclaimer (*see Seye v Sibbio,* 33 AD3d 608 [2006]; *Garcia v Zito,* 242 AD2d 258 [1997]; *Pryer v DeMatteis Orgs.,* 259 AD2d 476 [1999]; *Laura Accessories v A.P.A. Warehouses,* 140 AD2d 182 [1988]; *Monaghan v Meade,* 91 AD2d 1014 [1983]).

The appellants' remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Florio, Belen and Austin, JJ., concur.