■ JUAN RUIZ et al., Plaintiffs, v FROG Co., LLC, et al., Defendants. MCGOVERN & COMPANY, LLC, Third-Party Plaintiff, v MIDTOWN CONTRACTING CORPORATION, Third-Party Defendant, and ALDO'S IRON WORKS, INCORPORATED, Third-Party Defendant-Appellant. BARRY MCTIERNAN & MOORE, Nonparty Respondent. [913 NYS2d 7]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 29, 2010, which granted the motion of nonparty law firm Barry McTiernan & Moore (BMM) for leave to withdraw as counsel for third-party defendant Aldo's Iron Works, Inc. (Aldo's), unanimously affirmed, without costs.

Aldo's was plaintiff's employer when plaintiff sustained injuries at his workplace. Aldo's liability carrier, National Contractors Insurance Company, Inc. (NCIC), provided coverage under the policy up to $6,000 per occurrence and advised Aldo's that it would no longer pay to defend the claim or indemnify it in the case of liability since the $6,000 limit had been reached.

Although a motion for withdrawal by counsel is an improper vehicle to test the disclaimer of coverage by the insurer (see e.g. *Sojka v 43 Wooster LLC*, 19 AD3d 266, 267 [2005]), NCIC did not disclaim coverage (see *Dillon v Otis El. Co.*, 22 AD3d 1 [2005]). Rather, the contractually agreed-to limitation on defense costs was exhausted and under these circumstances, BMM should not be compelled to continue representation without compensation (see *Cullen v Olins Leasing*, 91 AD2d 537 [1982], *appeal dismissed* 61 NY2d 867 [1984]).

We have considered Aldo's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Andrias, Nardelli, McGuire and Abdus-Salaam, JJ.