(June 14, 2011)

■ ALEX EDGARDO ALVARADO-VARGAS, Plaintiff, v 6422 HOLD-ING CORP., Appellant, et al., Defendant. MARSHALL, CONWAY, WRIGHT & BRADLEY, P.C., Nonparty Respondent. [925 NYS2d 176]—

In an action to recover damages for personal injuries, the defendant 6422 Holding Corp. appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated October 22, 2010, which, inter alia, granted the motion of nonparty Marshall, Conway, Wright & Bradley, P.C., pursuant to CPLR 321 (b) (2) for leave to withdraw as counsel of record for the defendant Forthright Construction, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this personal injury action, the nonparty law firm Marshall, Conway, Wright & Bradley, P.C. (hereinafter the law firm), was assigned to represent the defendant Forthright Construction, Inc. (hereinafter Forthright), by Forthright's insurance carrier, the nonparty Tower Insurance Company of New York (hereinafter the insurer). In March 2010 the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability against the defendants Forthright and 6422 Holding Corp. (hereinafter 6422), as well as 6422's separate motion for summary judgment on its cross claim against Forthright for contractual indemnification. In September 2010 a judgment was rendered in a separate action declaring that the insurer is not obligated to defend or indemnify Forthright in the instant action (*Tower Ins. Co. of N.Y. v Forthright Constr., Inc.*, Sup Ct, NY County, index No. 108006/09). Shortly thereafter, the law firm moved for leave to withdraw as Forthright's counsel. Forthright did not oppose the motion, but 6422 submitted opposition, contending that it would be prejudiced by the law

firm's withdrawal, insofar as it would negatively affect 6422's ability to conduct asset discovery against Forthright on its cross claim for indemnification. We affirm the order insofar as appealed from.

"The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (*Cashdan v Cashdan*, 243 AD2d 598, 598 [1997]; *see Musachio v Musachio*, 80 AD3d 738 [2011]; *Ben-Yu Zhan v Sun Wing Wo Realty Corp.*, 208 AD2d 668 [1994]). Here, in light of Forthright's lack of opposition to its own law firm's motion for leave to withdraw as its counsel, and the undisputed fact that the insurer will no longer pay the law firm's legal fees for Forthright's defense, the Supreme Court providently granted the law firm's motion to withdraw (*see Winters v Winters*, 25 AD3d 601 [2006]; *Ben-Yu Zhan v Sun Wing Wo Realty Corp.*, 208 AD2d at 668; cf. *Brothers v Burt*, 27 NY2d 905 [1970]; *Iacobellis v A-1 Tool Rental, Inc.*, 65 AD3d 1015 [2009]). Under the circumstances of this case, the contentions of 6422 regarding the alleged prejudice it will suffer in pursuing its claims after the law firm's withdrawal do not require denial of the law firm's motion (*see Charles Weiner Corp. v Davis Corp.*, 113 Misc 2d 263, 266 [1982]; cf. *Monaghan v Meade*, 91 AD2d 1014, 1015 [1983]). Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.