In an action, inter alia, to recover damages for dental malpractice, nonparty Morrison Mahoney LLP appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 10, 2012, which denied its motion for leave to withdraw as counsel of record for the defendant Stephen I. Shore.
Ordered that the order is affirmed, with one bill of costs.
In June 2009 the plaintiff commenced this action, among other things, to recover damages for dental malpractice. At the inception of the action, a nonparty insurer, Eastern Dental Insurance Company (hereinafter EDIC), retained the nonparty law firm Morrison Mahoney LLP (hereinafter the appellant) to *603 represent its insured, the defendant Stephen I. Shore. After the completion of discovery, a note of issue was filed in October 2010, and the matter was adjourned for trial several times. On September 20, 2011, EDIC issued a letter disclaiming coverage. On October 13, 2011, and again on December 23, 2011, the appellant moved for leave to withdraw as counsel of record for Shore, contending, inter alia, that neither EDIC nor Shore had agreed to continue to pay for its services. At the time the appellant initially moved for leave to withdraw as Shore’s counsel, jury selection was scheduled to commence on October 19, 2011. The Supreme Court denied the motion, concluding that the appellant’s withdrawal on the eve of trial would prejudice the parties and that the validity of EDIC’s disclaimer of coverage must be determined in a then-pending separate declaratory judgment action commenced by Shore.
“ ‘The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court’s decision should not be overturned absent a showing of an improvident exercise of discretion’ ” (Alvarado-Vargas v 6422 Holding Corp., 85 AD3d 829, 830 [2011], quoting Cashdan v Cashdan, 243 AD2d 598, 598 [1997]; see Brothers v Burt, 27 NY2d 905, 906 [1970]). Generally, where the insurer of a defendant in a personal injury action issues a contested disclaimer of coverage in the midst of litigation, it is inappropriate to grant a motion to withdraw by the attorney the insurer has provided for that defendant (see Iacobellis v A-1 Tool Rental, Inc., 65 AD3d 1015 [2009]; Seye v Sibbio, 33 AD3d 608 [2006]; Pryer v DeMatteis Orgs., 259 AD2d 476, 477 [1999]; Garcia v Zito, 242 AD2d 258, 259 [1997]). An action for a declaratory judgment as to the rights of the insured vis-á-vis his or her insurance carrier is the appropriate means of resolving a coverage dispute (see Iacobellis v A-1 Tool Rental, Inc., 65 AD3d at 1015). Here, granting the appellant’s motion to withdraw would, in effect, validate EDIC’s disclaimer without affording Shore the opportunity to be heard (see Laura Accessories v A.P.A. Warehouses, 140 AD2d 182 [1988]; Monaghan v Meade, 91 AD2d 1014, 1015 [1983]). Moreover, the appellant’s withdrawal on the eve of trial would have caused substantial prejudice to the parties in the conduct of the litigation (see George v George, 217 AD2d 913 [1995]; Haskell v Haskell, 185 AD2d 333 [1992]; see also Holloman v Manginelli Realty Co., Inc., 81 AD3d 413 [2011]). Accordingly, the Supreme Court providently exercised its discretion in denying the appellant’s motion. Rivera, J.E, Angiolillo, Chambers and Roman, JJ., concur.