Taylor v Mercado (2024 NY Slip Op 50048(U))

[*1]

Taylor v Mercado

2024 NY Slip Op 50048(U)

Decided on January 20, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2024
Supreme Court, Kings County

Tyrone Taylor, Plaintiff,

against
Juan Mercado, Nahman Lichtenstein and Julian Sutherland, Defendants.

Index No. 524483/2022

The Yankowitz Law Firm, P.C., Great Neck (Steven R. Widom of counsel), pro se.
Law Offices of John Trop, Garden City (Peter F. DiSilvio of counsel), for Defendants Juan Mercado and Nahman Lichtenstein.
The Court notes that neither Plaintiff nor Defendant Julian Sutherland appeared.

Aaron D. Maslow, J.

The following numbered papers were submitted and considered on this motion:
NYSCEF Doc No. 27: Proposed order to show cause
NYSCEF Doc No. 28: Affirmation of Skylar K. Yankowitz, Esq., in support
NYSCEF Doc No. 30: Signed order to show cause
NYSCEF Doc No. 31: Affidavit of service upon counsel for Defendants
NYSCEF Doc No. 32: Affidavit of service upon counsel for Defendants
NYSCEF Doc No. 33: Affidavit of service upon Plaintiff
NYSCEF Doc No. 34: Statement of authorization for electronic filing
The following numbered papers were also considered on this motion:[FN1]

NYSCEF Doc No. 5: Answer of Defendants Juan Mercado and Nahman Lichtenstein
NYSCEF Doc No. 10: Answer of Defendant Julian Sutherland
NYSCEF Doc No. 12: Request for Judicial Intervention
NYSCEF Doc No. 14: Substitution of attorney
NYSCEF Doc No. 16: Notice of motion to preclude
NYSCEF Doc No. 37: Order of Centralized Compliance Part, December 18, 2023
I. Background
The instant motion by The Yankowitz Law Firm, P.C. seeks for it to be relieved as counsel for Plaintiff Tyrone Taylor, reimbursed by him or his new counsel $608.48 for disbursements incurred during its representation of him, and a stay of 45 days to enable him to secure new counsel or appear pro se. Additionally, said law firm seeks a fee hearing at the conclusion of the case to determine the amount if its charging lien for services rendered until now. (See NYSCEF Doc No. 30, order to show cause.)
The underlying action seeks "to recover damages for serious injuries sustained by Plaintiff, a passenger, as the result of a motor vehicle accident which occurred on May 19, 2020 at Utica Avenue at and/or near its intersection with East New York Avenue, County of Kings, City and State of New York when the Defendants' vehicles struck and collided into one another. As a result of the subject accident Plaintiff sustained serious injuries including but not limited to head trauma and cervical spine damage and derangement." (NYSCEF Doc No. 28, Yankowitz Aff ¶ 3.)
II. Movant's Arguments
The Yankowitz Law Firm P.C. alleges that Plaintiff has failed and refused to communicate with his attorneys and, therefore, the attorney-client relationship has been completely severed and become irreparable (see id. ¶ 4).
A table of expenditures totaling $608.48 was provided, the costs being for an investigator, an index number, service of process, Department of Motor Vehicles records, and postage (see id. ¶ 7).
The aforesaid law firm maintains that it "has performed a substantial amount of work in this action. As such, The Yankowitz Law Firm, P.C. claims a charging lien and respectfully requests that an Order be entered directing that at the conclusion of this case, a fee hearing be held to determine the amount of the charging lien of the Yankowitz Law Firm, P.C. for the attorney services rendered in this action and there be no disbursement of any attorney fees in this case until ordered by this Court." (Id. ¶ 8.) For the benefit of Plaintiff, the law firm seeks a 45-day stay "to permit Plaintiff to obtain new counsel or proceed pro-se in the litigation" (id. ¶ 9).
No opposition to the motion to be relieved has been filed by either Plaintiff or any of the Defendants.
III. Discussion
The proof of service submitted by the moving law firm demonstrates that service was effectuated in accordance with the service provisions set forth in the signed order to show cause (see NYSCEF Doc Nos. 31-33).
In 1912, the Court of Appeals established that an attorney may terminate his relationship with a client in litigation "at any time for a good and sufficient cause and upon reasonable notice" (Matter of Dunn [Brackett], 205 NY 398, 403 [1912]).
"As a general rule, an attorney may obtain leave of court to terminate the attorney-client relationship at any time upon reasonable notice, for a good and sufficient cause, including the client's failure to pay legal fees and the failure to cooperate in his or her representation so as to cause a breakdown in that relationship (see 22 NYCRR 1200.0, Rule 1.16 [c]; Misek-Falkoff v Metro. Tr. Auth., 65 AD3d 576, 577 [2d Dept 2009]; Rivarderneria v New York City Health and [*2]Hosps. Corp., 306 AD2d 394, 395 [2d Dept 2003]; Tartaglione v Tiffany, 280 AD2d 543, 543 [2d Dept 2001]; Adler v Mitchell, 2022 NY Slip Op 50665[U], *2, 2022 NY Misc LEXIS 3194, *3 [Sup Ct, NY County, Jul. 25, 2022])" (Ventura v Choi, 2023 WL 4290358, *1 [Sup Ct, NY County, June 29, 2023, No. 805374/2016]). However, an attorney's right to withdraw as counsel is not absolute, and a sound reason must be provided why counsel should be allowed to withdraw (see Matter of Jamieko A., 193 AD2d 409 [1st Dept 1993]).
Conduct on the part of the clients rendering it unreasonably difficult to carry out the employment effectively is a valid ground for terminating the attorney-client relationship (see Rann v Lerner, 160 AD2d 922 [2d Dept 1990]).
"The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court" (McDonald v Shore, 100 AD3d 602, 603 [2d Dept 2012] [internal quotation marks and citations omitted]).
Subdivision (b) of Rule 1.16 of the Rules of Professional Conduct provides:
(b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:
(1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
(3) the lawyer is discharged; or
(4) the lawyer knows or reasonably should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person.
(Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.16 [b].)
Permissive withdrawal is governed by subdivision (c) of Rule 1.16:
(c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:
(1) withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists upon taking action with which the lawyer has a fundamental disagreement;
(5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees;
(6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;
(8) the lawyer's inability to work with co-counsel indicates that the best interest of the client likely will be served by withdrawal;
(9) the lawyer's mental or physical condition renders it difficult for the lawyer to carry [*3]out the representation effectively;
(10) the client knowingly and freely assents to termination of the employment;
(11) withdrawal is permitted under Rule 1.13(c) or other law;
(12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal; or
(13) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.
(Id. rule 1.16 [c].)
In addition to the Rules of Professional Conduct, CPLR 321 (b) (2) states, "An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."
Here, the affirmation of Skylar K. Yankowitz, Esq., in support of the motion to be relieved, as well as appearing counsel's argument before the Court has persuaded the Court that Plaintiff has failed and refused to communicate with counsel, rendering it difficult for the lawyer to carry out the representation effectively. Therefore, the Court finds it appropriate for The Yankowitz Law Firm, P.C. to be relieved as Plaintiff's attorneys (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.16 [c] [7]; Farage v Ehrenberg, 124 AD3d 159, 165 [2d Dept 2014]).
In granting said law firm's application, the Court notes that this action is at a relatively early stage, which weighs in favor of granting it (see Matter of Cassini, 182 AD3d 13, 40 [2d Dept 2020] ["Withdrawal is not, however, available for the mere asking, particularly when some significant court action is pending, such as the commencement of a trial."]; Holmes v Y.J.A. Realty Corp., 128 AD2d 482 [1st Dept 1987]). Answers were interposed in late 2022 and early 2023 (see NYSCEF Doc Nos. 5, 10), and a request for a preliminary conference was filed in May 2023 (see NYSCEF Doc No. 12). In November 2023, one of the defense law firms was replaced by another (see NYSCEF Doc No. 14), and the first motion in the case, to compel discovery, was filed on November 17, 2023 (see NYSCEF Doc No. 16) and adjourned by the Centralized Compliance Part due to the filing of the present motion to be relieved as counsel (see NYSCEF Doc No. 37).
Inasmuch as departing counsel has performed work for Plaintiff until now, it is entitled to a charging lien, but the amount shall be determined at the conclusion of the litigation (see Judiciary Law § 475; Neithercut v Ebanks, 72 AD2d 807 [2d Dept 1979]; cf. Messina v Wedderburn, AD3d , 2023 NY Slip Op 06360 [2d Dept 2023]). Said amount may be determined either on a quantum meruit basis or based on a proportionate share of the work performed on the whole case (see Tirado-Sottosanyti v Crowley, 220 AD3d 820 [2d Dept 2023]; Maher v Quality Bus Serv., LLC, 144 AD3d 990 [2d Dept 2016]).
As for the $608.48 in disbursements, the Court notes that claimed items for which there normally would be receipts were not substantiated by them: investigative services, service of process, Department of Motor Vehicle records. Moreover, a court may grant a retaining lien to the departing attorney, payable as a charging lien after the litigation has concluded, as long as it is not dependent on the outcome (see Steves v Serlin, 125 AD2d 780 [3d Dept 1986]).
The rule is normally that an attorney need not relinquish papers in their possession until the retaining lien is paid or secured by an undertaking (e.g. Manes v Manes, 248 AD2d 515 [2d Dept 1998]; Andreiev v Keller, 168 AD2d 528 [2d Dept 1990]). This rule will not be enforced [*4]where there are exigent circumstances, such as indigency, and in that event the retaining lien will be converted into a charging lien (e.g. Cohen v Cohen, 183 AD2d 802 [2d Dept 1992]).[FN2]
While there is nothing here to show indigency on the part of Plaintiff—Plaintiff did not even appear in response to his outgoing counsel's motion to be relieved—this Court is of the perspective that a more flexible approach with respect to a client's file is called for in situations where the counsel of record, as opposed to the client, takes the initiative to be relieved,[FN3]
the cause of action is based on alleged personal injuries sustained in a motor vehicle accident and the representation was presumably undertaken on a contingency basis, the disbursements are relatively negligible in amount, and receipts were not provided with counsel's moving papers.
The Court has the responsibility to move cases expeditiously and fairly to resolution (see Egwuonwu v Simpson, 4 AD3d 500 [2d Dept 2004]), and a failure by a client to pay disbursements should not impede resolution of the action if a plaintiff desires to continue its prosecution through another attorney or on a pro se basis. By virtue of their inherent power and control over the own officers, the courts shall, under proper circumstances, exercise jurisdiction and summarily compel an attorney to deliver documents to the client (see Matter of Niagara, Lockport & Ontario Power Co., 203 NY 493, 497-498 [1911]). Departing counsel can always sue in Small Claims Court to be reimbursed the $608.48 even if it has relinquished the file; it may also move for a judgment by order to show cause. Therefore, this Court will order that a copy of the file be turned over to Plaintiff if he seeks it—even without a retaining lien—inasmuch as the lien will be converted to a charging lien should there be a recovery and [*5]the amount remains unpaid by then. Returning the file to Plaintiff even without immediate reimbursement might spur Plaintiff to retain another attorney or proceed pro se, so that a resolution of the underlying claims can be achieved more speedily.
"Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just" (CPLR 2201). While there is an automatic stay of proceedings when an attorney dies, becomes disabled, or is removed (see CPLR 321 [c]), none of those occurrences are present here. However, "where an attorney seeks leave to withdraw under CPLR 321 (b) (2), the court may stay proceedings pending the determination of the motion and after the determination" (Matter of Cassini, 182 AD3d 13, 43 [2d Dept 2020] [emphasis added]). Therefore, the Court imposes a stay of proceedings for a period of approximately 60 days (see CPLR 2201). Once the stay expires, the Court expects all parties to proceed forward with the litigation so that the action is resolved one way or the other.
A stay alone, however, will not protect the interests of Plaintiff, the now former client of the departing law firm, nor will it suffice to enable proceedings to be resumed efficiently upon its expiration. At a minimum, proper notice must be given (see Matter of Cassini, 182 AD3d 13, 40). "Some further action must be taken in order for the discharge to be made known to the other parties to the action and to the court" (id. at 40). "[F]rom the standpoint of adverse parties, counsel's authority as an attorney of record in a civil action continues unabated until the withdrawal, substitution, or discharge is formalized. . . ." (Farage v Ehrenberg, 124 AD3d at 165).
Obviously, further proceedings in the case must eventually continue until it is resolved one way or the other but it must be assured that they do not occur within the stay period (see Matter of Cassini, 182 AD3d at 43) and, when proceedings resume, the court's records pertaining to new counsel or pro se representation will have to be accurate so that all concerned possess updated information for purposes of service of papers and providing notification of conferences, motions, and potentially a trial. Further a responsibility devolves upon Plaintiff to inform the Court and the other parties of the intention to proceed pro se or be represented by new counsel.
In order to protect Plaintiff's interests, to implement an orderly disengagement of departing counsel from its attorney-client relationship, and to insure a structured transition in the court's handling of this case, taking into account the sequelae of counsel's departure, the Court has devised a step-by-step roadmap process which needs to be undertaken, as related below.
IV. Conclusion
It is hereby ORDERED as follows:
1. Pursuant to CPLR 321 (b) (2), the motion of The Yankowitz Law Firm, P.C. ("Movant Attorney") to be relieved as attorney(s) of record for Plaintiff Tyrone Taylor ("Former Client") is granted, upon Movant Attorney filing with the Clerk of the Court a Notice of Compliance hereinafter described in paragraph 6.
2. By the fifth business day following the date of this order, Movant Attorney shall serve a copy of this order together with notice of entry, upon the Former Client by (a) email to all known email addresses for the Former Client, and (b) first-class mail with postmarked certificate of mailing and certified mail return receipt requested to all known residence and business addresses of the Former Client. The notice of entry to the Former Client shall include the following statement in 20-point type:
Your attorneys in this action have been granted permission by the Court to withdraw from representing you. You will need to represent yourself or secure new legal representation in order for your claims to be pursued in court. You must read the attached Court Order carefully, as it contains important information, including your responsibilities and several deadlines.
3. By the fifth business day following the date of this order, Movant Attorney shall serve a copy of this order together with notice of entry upon the attorneys of record for all other appearing parties by filing same with NYSCEF and by first-class mail.
4. By the fifth business day following the date of this order, Movant Attorney shall serve a Notice of Future Case Activity upon the Former Client (a) by email to all known email addresses for the Former Client, and (b) by first-class mail with postmarked certificate of mailing and certified mail return receipt requested to the addresses utilized to comply with paragraph 2 herein. The said Notice of Future Case Activity shall detail all upcoming deadlines for activity in the within action; the presently scheduled dates of future motion arguments and conferences; any other pertinent information concerning steps which, if not taken, might result in negative consequences for the claims of the Former Client in the within action; an offer to send the Former Client a copy of their file if requested; and an identification of the attorneys for all other parties or pro se parties, their addresses, phone numbers, and email addresses.
5. By the fifth business day following the date of this order, Movant Attorney shall serve upon (a) the Former Client (by email, first-class mail with certificate of mailing, and certified mail return receipt requested to the addresses utilized to comply with paragraph 2 herein), (b) the attorneys of record for all other appearing parties (by NYSCEF and by first-class mail), and (c) the County Clerk (by email, first-class mail, or personal delivery), a Notice of Party Information containing the name of the Former Client, their address (residence if natural person or business address if not), and their telephone number, along with an explanation that such information is provided due to the Movant Attorney having been relieved as counsel for the Former Client and in compliance with the within Court order.
6. By the tenth business day following the date of this order, Movant Attorney shall file on NYSCEF a Notice of Compliance detailing their compliance with the preceding conditions imposed upon them along with relevant affidavits and/or affirmations documenting same.
7. THE ABOVE-NAMED FORMER CLIENT IS ENCOURAGED TO RETAIN NEW COUNSEL TO REPRESENT HIM. IF NOT, THE FORMER CLIENT RISKS HAVING HIS CLAIMS DISMISSED.
8. NO LATER THAN MARCH 15, 2024, THE FORMER CLIENT SHALL EITHER FILE A NOTICE OF APPEARANCE TO REPRESENT HIMSELF PRO SE OR [*6]HAVE AN ATTORNEY FILE A NOTICE OF APPEARANCE ON HIS BEHALF.
9. This action is stayed through March 24, 2024, and, unless permitted by leave of the Court, no further proceedings may be taken against the interests of the Former Client, for example serving notices to resume prosecution, filing summary judgment motions to dismiss the complaint, or filing motions to preclude due to unprovided discovery, until after said date.
10. Any motions scheduled to be heard and any conferences scheduled to be conducted during the period between the date of this order and the final date of the stay shall be re-calendared by the Clerk responsible for same to a date thereafter.
11. The County Clerk or her designee or the Clerk responsible for same shall annotate the NYSCEF case folder and other records for this action to reflect the information set forth in the Notice of Party Information.
13. The Clerk of the Court responsible for same shall notify the Former Client of any rescheduled motion or conference dates by utilizing the information in the Notice of Party Information or such other information as provided by the Former Client or his new attorney of record.
12. Following filing of the Movant Attorney's Notice of Compliance and in the absence of other information provided by the Former Client or his new attorney of record, any notices or other papers by any party adverse to the Former Client or by a Clerk of the Court shall be served upon the Former Client by utilizing the information in the Notice of Party Information.
13. Movant Attorney shall retain a charging lien for its services and incurred disbursements against any recovery by Plaintiff in this action in an amount to be determined at a hearing or in such other manner as directed by the Court after the action's conclusion; and in any event, leave is granted to Movant Attorney to at any time commence an action in Small Claims court against Plaintiff to recover incurred disbursements or to move by order to show cause for a judgment for same in the within action.
14. No payment for any recovery on the Former Client's claims shall be paid to the Former Client until any charging lien of the Movant Attorney has been satisfied.
Dated: January 20, 2024
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:A court may take judicial notice of its own records in the case (see People v Sanders, 112 AD3d 748 [2d Dept 2013]; Allen v Strough, 301 AD2d 11 [2d Dept 2002]).

Footnote 2:The rule is also not enforced when the client discharges the attorney for cause (see Teichner v W & J Holsteins, Inc., 64 NY2d 977 [1985]; Bing Hui Chen v Speedway Plumbing Corp., 138 AD3d 660 [2d Dept 2016]; Doviak v Finkelstein & Partners, LLP, 90 AD3d 696 [2d Dept 2011]; Nazario v Ciafone, 65 AD3d 1240 [2d Dept 2009]; Lelekakis v Kamamis, 8 AD3d 630 [2d Dept 2004]).

Footnote 3:This Court notes that in many cases which hold that departing counsel must be reimbursed for its disbursements before the client's file is surrendered, it is the client who initiated the counsel's departure, rather than counsel (e.g. Maher v Quality Bus Serv., LLC, 144 AD3d 990 [2d Dept 2016]; D'Ambrosio v Racanelli, 129 AD3d 900 [2d Dept 2015]; Sterling Corporate Tax Credit Fund XXV, L.P. v Youngblood Senior Hous. Assoc., LLC, 115 AD3d 932 [2d Dept 2014]; Mosiello v Velenzuela, 84 AD3d 1188 [2d Dept 2011]). It is more logical to require payment of disbursements before the file is turned over when the client initiates the counsel's departure. When counsel initiates their departure, there is less of a compelling reason to compel immediate payment of the disbursements. Without impugning the motives of counsel here to disengage from its representation of Plaintiff, it is possible in another case that counsel might wish to utilize the availability of withdrawal to compel payment of disbursements and walk away from the burdens of pursuing a low-valued case. Counsel's initiation of withdrawal might cause the client to question whether his or her claims are viable and dissuade them from pursuing it with another attorney. From a public policy perspective, it behooves departing counsel to turn over the file if requested so that the client can review it and make an informed decision as to whether or not to pursue the claims against the defendants. And if it is pursued, this may redound to the benefit of the departing counsel, as it increases the chances of being paid where there is a recovery at the conclusion of the action.