◼ SYLVIA GALVANO, Respondent, v GUISEPPE GALVANO, Defendant, and MELTZER, LIPPE, GOLDSTEIN, WOLF, SCHLISSEL & SAZER, P. C., Nonparty Appellant. [598 NYS2d 268] —In an action for a divorce and ancillary relief, Meltzer, Lippe, Goldstein, Wolf, Schlissel & Sazer, P. C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated January 21, 1993, as denied its motion for leave to withdraw as counsel for the plaintiff.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the motion is granted; and it is further,

Ordered that the appellant shall serve upon the plaintiff a copy of this decision and order, with notice of entry, by certified mail, return receipt requested, and by ordinary mail

with postal proof of mailing, and shall also serve a copy of this decision and order, with notice of entry, upon the attorney for the defendant; upon the filing of proof of such service with the Clerk of the Supreme Court, Queens County, where the action is pending, the appellant shall be relieved as counsel for the plaintiff; and it is further,

Ordered that all proceedings in this action are stayed until 90 days after such service is completed, and the plaintiff, if she be so advised, may retain new counsel within the 90-day period.

The plaintiff in this matrimonial action executed a written retainer agreement which provided that the appellant law firm would bill her on a monthly basis and would be relieved as counsel upon her failure "to pay any bill within ten working days of the date thereof". The appellant thereafter provided legal services and billed the plaintiff in the amount of $124,000. The plaintiff paid only $48,000 of that amount and made no payment after October 1990. The appellant nonetheless continued to represent the plaintiff but advised her that it would discontinue the representation unless they reached a settlement on her outstanding balance. The plaintiff continued to be uncooperative and eventually refused to speak with anyone from the appellant law firm.

Under these circumstances, we find that the Supreme Court's denial of the appellant's motion to withdraw was an improvident exercise of discretion. It is well settled that an attorney will be permitted to withdraw from employment where a client refuses to pay reasonable fees (see, *Eldridge Realty Corp. v Green,* 174 AD2d 564; *Holmes v YJA Realty Corp.,* 128 AD2d 482; Code of Professional Responsibility DR 2-110 [C] [1] [f] [22 NYCRR 1200.15 (c) (1) (vii)]). The plaintiff refused to pay the fees in accordance with the clear terms of the retainer agreement and had ceased payment on her account more than two years before the appellant sought to withdraw. The appellant should not be forced to continue "to finance the litigation or render gratuitous services" *(Holmes v YJA Realty Corp., supra,* at 483; *see, Solomon v Solomon,* 172 AD2d 1081). Moreover, the record showed that the plaintiff's "conduct render[ed] it unreasonably difficult for the [appellant] to carry out [its] employment effectively" (Code of Professional Responsibility DR 2-110 [C] [1] [d] [22 NYCRR 1200.15 (c) (1) (iv)]; *see, Bankers Trust Co. v Hogan,* 187 AD2d 305; *Zelkha v Ezati,* 140 AD2d 338). Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.