■ DENISE KAY, Respondent, v JOHN A. KAY, Defendant. MELTZER, LIPPE, GOLDSTEIN, WOLF & SCHLISSEL, P. C., Nonparty Appellant. [666 NYS2d 728] —In an action for a divorce and ancillary relief, Meltzer, Lippe, Goldstein, Wolf & Schlissel, P. C. appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 24, 1997, which denied its motion for leave to withdraw as counsel for the plaintiff.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion is granted; and it is further,

Ordered that the appellant shall serve upon the plaintiff a copy of this decision and order, with notice of entry, by certified mail, return receipt requested, and by ordinary mail with postal proof of mailing, and shall serve a copy of this decision and order, with notice of entry, upon the attorney for the defendant; upon the filing of proof of such service with the Clerk of the Supreme Court, Suffolk County, where the action is pending, the appellant shall be relieved as counsel for the plaintiff; and it is further,

Ordered that all proceedings in this action are stayed until 90 days after such service is completed, and the plaintiff, if she be so advised, may retain new counsel within the 90-day period.

It is undisputed that the plaintiff made no payment to the appellant other than an initial retainer fee in the amount of $4,500. The appellant nevertheless continued to represent the plaintiff but advised her that it would exert every effort to be relieved if the plaintiff did not pay the additional fees due pursuant to the retainer agreement between the parties. The plaintiff responded that if the appellant's motion to be relieved was denied, and she suffered damages at the trial because she was not properly prepared, she would "have to seek to hold [appellant] to [its] professional responsibility in whatever forum is available".

The Supreme Court denied the appellant's motion to be relieved on the ground that although the plaintiff may be substantially in arrears in payment of counsel fees, "no application was made to require that the defendant husband con-

tribute to any extent". However, the court's ruling was based on an erroneous finding. The appellant had in fact moved on the plaintiff's behalf for a pendente lite award of counsel fees from the husband, but the application was denied, and that denial was affirmed on appeal (*see, Kay v Kay,* 229 AD2d 1025).

Further, it is well settled that an attorney will be permitted to withdraw from employment where a client refuses to pay reasonable fees (*see, Eldridge Realty Corp. v Green,* 174 AD2d 564; *Galvano v Galvano,* 193 AD2d 779). The plaintiff refused to pay fees in accordance with the clear terms of the retainer agreement between the appellant and the plaintiff. Although there may be circumstances in which a court may properly compel an attorney to continue to represent a client who is in arrears, there is no basis, in the case before us, to force the appellant to continue to finance the litigation or to render gratuitous services. Moreover, the record showed that the plaintiff's "conduct render[ed] it unreasonably difficult for the [appellant] to carry out [its] employment effectively" (Code of Professional Responsibility DR 2-110 [C] [1] [d] [22 NYCRR 1200.15 (c) (1) (iv)]).

Under the circumstances, the court improvidently exercised its discretion in denying the appellant's motion for leave to withdraw as counsel for plaintiff. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.