■ Tondalaya Walker et al., Appellants, v Mount Vernon Hospital et al., Defendants. Peter E. Tangredi & Associates, Nonparty Respondent. [772 NYS2d 832]—

In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County, (Nicolai, J.), dated February 11, 2003, which granted the motion of the nonparty respondent for leave to withdraw as their counsel.

Ordered that the order is affirmed, with costs.

Pursuant to the Code of Professional Responsibility DR 2-110 (22 NYCRR 1200.15) a lawyer may withdraw from representing a client if the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law (*see* Code of Professional Responsibility DR 2-110 [c] [1] [i] [22 NYCRR 1200.15 (c) (1) (i)]). Additionally, a lawyer may withdraw from representing a client if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110 [c] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)]). Contrary to the plaintiffs' contentions, the nonparty respondent demonstrated good cause in support of its motion for leave to withdraw as counsel (*see Winters v Rise Steel Erection Corp.,* 231 AD2d 626 [1996]; *Sansiviero v Sanders,* 117 AD2d 794 [1986]). Thus, the Supreme Court providently exercised its discretion in permitting it to withdraw from further representation of the plaintiffs (*see Positano v Maimonides Med. Ctr.,* 238 AD2d 560 [1997]; *see also Klagsbrun v Klagsbrun,* 192 AD2d 306 [1993]; *Bankers Trust Co. v Hogan,* 187 AD2d 305 [1992]). S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.