■ ANDREW MCCORMACK, Respondent, v MICHAEL KAMALIAN et al., Defendants. DUPFEE, DUPÉE & MONROE, P.C., Nonparty Appellant. [781 NYS2d 743]—

In an action to recover damages for medical malpractice, Dupée, Dupée & Monroe, P.C., appeals from an order of the Supreme Court, Orange County (Williams, J.H.O.), dated May 17, 2004, which, upon a decision of the same court dated October 1, 2003, made after a hearing, denied its motion for leave to withdraw as counsel for the plaintiff.

Ordered that the order is reversed, on the law, the facts, and as a matter of discretion, with costs, and the motion is granted; and it is further,

Ordered that within 30 days of the date of this decision and order, the appellant shall (1) serve the plaintiff with a copy of this decision and order by certified mail, return receipt requested, and by ordinary mail with proof of mailing, which should constitute notice to appoint another attorney pursuant to CPLR 321 (c), and (2) serve a copy of this decision and order by ordinary mail, with proof of mailing, upon the attorneys for the defendants; and it is further,

Ordered that upon filing of proof of such service with the Clerk of the Supreme Court, Orange County, the appellant shall be relieved as counsel for the plaintiff; and it is further,

Ordered that all proceedings in this action are stayed until 30 days after service upon the plaintiff is complete.

The Supreme Court improvidently exercised its discretion in denying the appellant's motion for leave to withdraw as counsel for the plaintiff. A lawyer may withdraw from representing a client if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110 [c] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)]). The appellant demonstrated good cause in support of its motion for leave to withdraw as the plaintiff's counsel (*see Walker v Mount Vernon Hosp.*, 5 AD3d 590 [2004]; *Lake v M.P.C. Trucking*, 279 AD2d 813, 814 [2001]). Thus, the motion should have been granted. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.