■ TINA MARIE GREEN, Respondent, v MAURO GASPARINI et al., Respondents. WEITZ & LUXENBERG, P.C., Nonparty Appellant. [808 NYS2d 292]—

In an action to recover damages for medical malpractice, the nonparty, Weitz & Luxenberg, P.C., appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered June 17, 2005, which denied its motion for leave to withdraw as counsel for the plaintiff.

Ordered that the order is reversed, on the law, the facts, and as a matter of discretion, without costs or disbursements, and the motion is granted; and it is further,

Ordered that within 30 days of the date of this decision and order, the appellant shall (1) serve the plaintiff with a copy of this decision and order by certified mail, return receipt requested, and by ordinary mail with proof of mailing, which shall constitute notice to appoint another attorney pursuant to CPLR 321 (c); and (2) serve a copy of this decision and order by ordinary mail with proof of mailing, upon the attorneys for the defendants; and it is further,

Ordered that upon filing of proof of such service with the Clerk of the Supreme Court, Nassau County, the appellant shall be relieved as counsel for the plaintiff; and it is further,

Ordered all proceedings in this action are stayed until 30 days after service upon the plaintiff is complete.

Under the facts of this case, the Supreme Court improvidently exercised its discretion in denying the appellant's motion for leave to withdraw as counsel for the plaintiff. A lawyer may withdraw from representing a client, if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110 [c] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)]). Here, the appellant demonstrated good cause in support of its motion for leave to withdraw as the plaintiff's counsel (*see McCormack v Kamalian*, 10 AD3d 679 [2004]; *Walker v Mount Vernon Hosp.*, 5 AD3d 590 [2004]; *Bok v Werner*, 9 AD3d 318 [2004]; *Tartaglione v Tiffany*, 280 AD2d 543 [2001]). Accordingly, the motion should have been granted. Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur.