JILL WINTERS, Plaintiff, v JAMES WINTERS, Defendant. SCHLISSEL, OSTROW, KARABATOS & POEPPLEIN, PLLC, Nonparty Appellant. [807 NYS2d 302]—

In an action for a divorce and ancillary relief, nonparty Schlissel, Ostrow, Karabatos & Poepplein, PLLC, appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated April 13, 2005, which denied its motion for leave to withdraw as counsel for the defendant.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the motion is granted; and it is further,

Ordered that the nonparty appellant shall serve upon the defendant a copy of this decision and order, by certified mail, return receipted requested, and by ordinary mail with postal proof of mailing, and shall serve a copy of this decision and or-

der upon the attorney for the plaintiff; upon the filing of proof of such service with the Clerk of the Supreme Court, Suffolk County, where the action is pending, the nonparty appellant shall be relieved as counsel for the defendant; and it is further,

Ordered that all proceedings in this action are stayed until 90 days after such service is completed, and the defendant, if he be so advised, may retain new counsel within the 90-day period.

An attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees (*see Kay v Kay*, 245 AD2d 549 [1997]; *Galvano v Galvano*, 193 AD2d 779 [1993]; *Stephen Eldridge Realty Corp. v Green*, 174 AD2d 564 [1991]). The record establishes that the defendant was more than $15,000 in arrears in payment of his legal fees. Moreover, he did not oppose the nonparty appellant's motion for leave to withdraw as his counsel. Under these circumstances, the motion for leave to withdraw should have been granted (*see Bok v Werner*, 9 AD3d 318 [2004]; *Kay v Kay, supra; Ben-Yu Zhan v Sun Wing Wo Realty Corp.*, 208 AD2d 668 [1994]; *Galvano v Galvano, supra; Stephen Eldridge Realty Corp. v Green, supra*). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.