■ LINDA D. MISEK-FALKOFF et al., Appellants, v METROPOLITAN TRANSIT AUTHORITY et al., Defendants. DUBOW, SMITH & MAROTHY, Nonparty Respondent. [883 NYS2d 722]—

In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered April 1, 2008, which granted the motion of nonparty Dubow, Smith & Marothy, in effect, for leave to withdraw as their counsel.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the motion of nonparty Dubow, Smith & Marothy, in effect, for leave to withdraw as the plaintiffs' counsel. A lawyer may withdraw from representing a client if the client's conduct "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110 [c] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)]). Moreover, a lawyer may withdraw from representing a client if the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees" (Code of Professional Responsibility DR 2-110 [c] [1] [vi] [22 NYCRR 1200.15 (c) (1) (vi)]).

Here, the record establishes that the plaintiffs were nearly $7,000 in arrears in payment of their legal fees, which they had promised to pay within 30 days of billing pursuant to a retainer agreement. In addition, the facts demonstrated irreconcilable differences between the plaintiffs and their counsel regarding the proper course to be pursued in the litigation. Accordingly, the nonparty respondent demonstrated good and sufficient cause in support of its motion, in effect, for leave to withdraw as the plaintiffs' counsel (*see Weiss v Spitzer*, 46 AD3d 675 [2007]; *Green v Gasparini*, 24 AD3d 505, 506 [2005]; *McCormack v Kamalian*, 10 AD3d 679 [2004]; *Walker v Mount Vernon Hosp.*, 5 AD3d 590 [2004]).

The plaintiffs' remaining contentions either are without merit, are raised for the first time on appeal, or have been rendered academic by our determination. Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.