■ JOSEPH A. ARAGONA V, Plaintiff, v ALIREZA SHAIBANI, Also Known as REZA SHAIBANI and Another, et al., Defendants. LEVITT LLP, Nonparty Appellant. (Action No. 1.) LAND SITE DEVELOPMENT, LLC, et al., Plaintiffs, v A & R CAPITAL ASSOCIATES et al., Defendants. LEVITT LLP, Nonparty Appellant. (Action No. 2.) (And Another Action.) [29 NYS3d 68]—

In related actions, inter alia, to recover damages for breach of fiduciary duty and to foreclose a mechanic's lien, which were joined for trial, nonparty Levitt LLP appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 18, 2015, which denied its unopposed renewed motion for leave to withdraw as counsel of record for Joseph A. Aragona V, the plaintiff in action No. 1, and Land Site Development, LLC, a plaintiff in action No. 2.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the renewed motion of Levitt LLP for leave to withdraw as counsel of record for Joseph A. Aragona V, the plaintiff in action No. 1, and Land Site Development, LLC, a plaintiff in action No. 2, is granted; and it is further,

Ordered that within 30 days of the date of this decision and order, the appellant shall (1) serve the plaintiffs Joseph A. Aragona V and Land Site Development, LLC, with a copy of this decision and order by certified mail, return receipt requested, and by ordinary mail with proof of mailing, which shall constitute notice to appoint another attorney pursuant to CPLR 321 (c), and (2) serve a copy of this decision and order by ordinary mail, with proof of mailing, upon the attorneys for the defendants in these actions; and it is further,

Ordered that upon filing of proof of such service with the Clerk of the Supreme Court, Nassau County, the appellant shall be relieved as counsel for the plaintiffs Joseph A. Aragona V and Land Site Development, LLC; and it is further,

Ordered that all proceedings in these actions are stayed until 30 days after service upon the plaintiffs Joseph A. Aragona V and Land Site Development, LLC, is complete.

The Supreme Court improvidently exercised its discretion in denying the appellant's unopposed renewed motion for leave to withdraw as counsel for Joseph A. Aragona V, the plaintiff in action No. 1, and Land Site Development, LLC (hereinafter Land Site), a plaintiff in action No. 2. An attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [c] [5]; *Weiss v Spitzer*, 46 AD3d 675 [2007]; *Winters v Winters*, 25 AD3d 601, 602 [2006]; *Matter of Lenk*, 218 AD2d 802 [1995]). Additionally, an attorney may withdraw from representing a client if the client "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [c] [7]; *see Green v Gasparini*, 24 AD3d 505, 506 [2005]; *McCormack v Kamalian*, 10 AD3d 679 [2004]).

Here, the appellant established that Aragona and Land Site were in substantial arrears in the payment of legal fees and failed to cooperate in their representation. Further, these plaintiffs did not oppose the appellant's renewed motion for leave to withdraw as their counsel. Accordingly, the renewed motion for leave to withdraw as counsel for Aragona and Land Site should have been granted (*see Alvarado-Vargas v 6422 Holding Corp.*, 85 AD3d 829, 830 [2011]; *Musachio v Musachio*, 80 AD3d 738 [2011]; *Winters v Winters*, 25 AD3d at 602). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.