Applebaum v Einstein (2018 NY Slip Op 05437)





Applebaum v Einstein


2018 NY Slip Op 05437


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-03512
2017-05337
 (Index No. 601730/15)

[*1]Moshe Applebaum, plaintiff, 
v
Aaron Einstein, et al., defendants, Melvin S. Hirshowitz, nonparty- appellant.


Melvin S. Hirshowitz, New York, NY, nonparty-appellant pro se.



DECISION & ORDER
In an action to recover damages for breach of contract, nonparty Melvin S. Hirshowitz appeals from two orders of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered November 7, 2016, and May 12, 2017, respectively. The order entered November 7, 2016, denied the unopposed motion of nonparty Melvin S. Hirshowitz for leave to withdraw as counsel for the plaintiff. The order entered May 12, 2017, denied a subsequent unopposed motion for the same relief.
ORDERED that the order entered November 7, 2016, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the appellant's motion for leave to withdraw as counsel for the plaintiff is granted; and it is further,
ORDERED that the appeal from the order entered May 12, 2017, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered November 7, 2016.
In November 2014, the plaintiff retained Melvin S. Hirshowitz (hereinafter the appellant) to represent him in connection with claims he had against the defendant Aaron Einstein. The plaintiff and the appellant signed a retainer agreement dated November 19, 2014, and the plaintiff paid a retainer of $5,000. After the retainer was exhausted, the appellant sent regular monthly invoices to the plaintiff seeking payment for professional services rendered for the period from February 1, 2015, through September 13, 2016. The plaintiff neither challenged the invoices nor tendered any payment.
The appellant first moved for leave to withdraw as the plaintiff's attorney in February 2016. That motion was denied in an order entered March 18, 2016.
By order to show cause signed on September 26, 2016, the appellant again moved for [*2]leave to withdraw. The motion was supported by the appellant's affirmation, copies of the retainer agreement, and 16 monthly invoices indicating that, as of September 16, 2016, the plaintiff was in arrears in the sum of $41,561.41. In addition to arguing that the plaintiff had failed to tender any payments except for the initial retainer, the appellant also argued that the plaintiff, by failing to provide the appellant with requested documents and failing to communicate with him, exhibited a lack of cooperation in the litigation leading to a breakdown in the attorney-client relationship. The plaintiff did not respond to, oppose, or otherwise move with respect to the appellant's motion. In an order entered November 7, 2016, the Supreme Court denied the motion.
In April 2017, the appellant once again moved for leave to withdraw on the grounds of nonpayment of legal fees and the breakdown of the attorney-client relationship. The plaintiff did not respond to, oppose, or otherwise move with respect to the motion. In an order entered May 12, 2017, the Supreme Court denied the motion with leave to renew after a conference scheduled for June 1, 2017. The appellant appeals from the orders entered November 7, 2016, and May 12, 2017.
" The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion'" (Musachio v Musachio, 80 AD3d 738, 738, quoting Cashdan v Cashdan, 243 AD2d 598, 598). "An attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees" (Weiss v Spitzer, 46 AD3d 675, 675; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16[c][5]). "Additionally, an attorney may withdraw from representing a client if the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively'" (Aragona v Shaibani, 138 AD3d 649, 650, quoting Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16[c][7]).
Here, in the September 2016 motion, the appellant established that the plaintiff was in substantial arrears in the payment of legal fees and failed to cooperate in his legal representation. Moreover, the plaintiff did not oppose the motion. Accordingly, the Supreme Court, in the order entered November 7, 2016, improvidently exercised its discretion in denying the appellant's motion (see Aragona v Shaibani, 138 AD3d at 650; Misek-Falkoff v Metropolitan Tr. Auth., 65 AD3d 576; cf. Musachio v Musachio, 80 AD3d at 738; Winters v Winters, 25 AD3d 601). Since the court should have granted that motion for leave to withdraw, the appeal from the order entered May 12, 2017, denying a subsequent motion for leave to withdraw must be dismissed as academic.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court