Villata v Kokkinos (2019 NY Slip Op 02143)





Villata v Kokkinos


2019 NY Slip Op 02143


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-13190
 (Index No. 2022/16)

[*1]Jose Villata, plaintiff, 
v
Jerry Kokkinos, et al., defendants; Kaufman Dolowich & Voluck, LLP, nonparty-appellant.


Kaufman Dolowich & Voluck, LLP, New York, NY (Anthony J. Proscia of counsel), nonparty-appellant pro se.



DECISION & ORDER
In an action to recover unpaid wages, nonparty Kaufman Dolowich & Voluck, LLP, appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered October 26, 2017. The order denied that branch of the unopposed motion of nonparty Kaufman Dolowich & Voluck, LLP, which was for leave to withdraw as counsel for the defendants T & V Automotive Concepts, Inc., and Dimitrios Komninos.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the motion of nonparty Kaufman Dolowich & Voluck, LLP, which was for leave to withdraw as counsel for the defendants T & V Automotive Concepts, Inc., and Dimitrios Komninos is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,
ORDERED that within 30 days of the date of this decision and order, nonparty Kaufman Dolowich & Voluck, LLP, shall (1) serve the defendants T & V Automotive Concepts, Inc., and Dimitrios Komninos with a copy of this decision and order by certified mail, return receipt requested, and by ordinary mail with proof of mailing, which shall constitute notice to appoint another attorney pursuant to CPLR 321(c), and (2) serve a copy of this decision and order by ordinary mail, with proof of mailing, upon the attorneys for the plaintiff and all other defendants in this action; and it is further,
ORDERED that upon filing of proof of such service with the Clerk of the Supreme Court, Nassau County, nonparty Kaufman Dolowich & Voluck, LLP, shall be relieved as counsel for the defendants T & V Automotive Concepts, Inc., and Dimitrios Komninos; and it is further,
ORDERED that all proceedings in this action are stayed until 30 days after service upon the defendants T & V Automotive Concepts, Inc., and Dimitrios Komninos is complete.
In 2016, the plaintiff commenced this action to recover unpaid wages against, among others, the defendant T & V Automotive Concepts, Inc. (hereinafter T & V). Subsequently, in January 2017, the plaintiff amended the summons and complaint, and asserted a cause of action against the defendant Dimitrios Komninos, the owner and officer of T & V, in his individual capacity. Nonparty Kaufman Dolowich & Voluck, LLP (hereinafter the law firm), appeared as counsel for Komninos and T & V. In August 2017, the law firm moved for leave to withdraw as counsel for T & V and Komninos, and to establish charging and retaining liens. The motion was not [*2]opposed. The Supreme Court denied that branch of the motion which was for leave to withdraw and, thus, did not reach that branch of the motion which was to establish liens. The law firm appeals.
The Supreme Court improvidently exercised its discretion in denying the law firm's unopposed motion for leave to withdraw as counsel for T & V and Komninos. An attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16[c][5]; Aragona v Shaibani, 138 AD3d 649, 650; Weiss v Spitzer, 46 AD3d 675, 675; Winters v Winters, 25 AD3d 601; Kay v Kay, 245 AD2d 549, 550). Likewise, an attorney may withdraw from representing a client if the client "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16[c][7]; see Aragona v Shaibani, 138 AD3d at 649-650; Green v Gasparini, 24 AD3d 505, 506; McCormack v Kamalian, 10 AD3d 679).
Here, the law firm established that T & V and Komninos failed in their obligation to pay the legal fees earned by the law firm and further failed to cooperate in their representation. Moreover, T & V and Komninos did not oppose that branch of the law firm's motion which was for leave to withdraw as their counsel. Accordingly, that branch of the motion which was for leave to withdraw as counsel for T & V and Komninos should have been granted (see Alvarado-Vargas v 6422 Holding Corp., 85 AD3d 829, 830; Misek-Falkoff v Metropolitan Tr. Auth., 65 AD3d 576, 577).
Although the law firm raises arguments regarding that branch of its motion which was to establish charging and retaining liens, the Supreme Court did not decide that branch of the motion, and it remains pending and undecided (see Goetz v Public Serv. Truck Renting, Inc., 162 AD3d 859; Katz v Katz, 68 AD2d 536, 542-543). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination of that branch of the law firm's motion.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court