## Marcos v 410 W. 207th Acquisition LLC

2024 NY Slip Op 33297(U)

September 20, 2024

Supreme Court, New York County

Docket Number: Index No. 159765/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**          PART          **04**

*Justice*

--------------------------------------------------------------------------------X

MARCOS PEREZ MARCOS,

                                Plaintiff,

                        - v -

410 WEST 207TH ACQUISITION LLC, INWOOD LOT 9
ASSOCIATES LLC, INWOOD LOT 9 DEVELOPMENT
ASSOCIATES LLC,

                             Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159765/2022 |
| MOTION DATE | 12/06/2023, 03/07/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 42

were read on this motion to          STRIKE PLEADINGS          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 38, 39, 40, 41, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61

were read on this motion for          ATTORNEY - WITHDRAW          .

Upon the foregoing documents, defendants' motion to strike or compel is granted in limited part, and plaintiff's counsel's motion to withdraw is granted.

The instant action stems from an alleged accident that occurred on September 28, 2022, when plaintiff Marcos Perez Marcos was working at 407 West 206th Street, New York, New York,

On December 6, 2023, defendants moved to compel plaintiff to respond to their Demand for a Verified Bill of Particulars, SCHIP Extension Act Demand for a Verified Bill of Particulars, Combined Discovery Demands, and Demand for Photographs, Videos, and other Recorded Materials. That motion was submitted on May 8, 2024, by stipulation (NYSCEF Doc. No. 42). No opposition was filed. Instead, on March 7, 2024, plaintiff's counsel Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC moved by order to show cause for leave to withdraw. Plaintiff's

[* 1]

counsel asserts that it has been unable to provide the discovery sought because it has been unable to communicate with plaintiff for over a year (NYSCEF Doc. No. 45 [Bernstein Affirm. at ¶¶4, 9]).

## DISCUSSION

Defendants' motion to strike or compel is granted, in part. CPLR 3124 provides that "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article ... the party seeking disclosure may move to compel compliance or a response" (CPLR 3124). CPLR 3126, in turn, authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed.

In this case, as there are no prior Court orders directing the disclosure of information sought here, sanctions under CPLR 3126 are unavailable (See Emigrant Mortg. Co., Inc. v Beckerman, 105 AD3d 895, 896 [2d Dept 2013]). However, the Court grants that branch of defendants' motion pursuant to CPLR 3124 to the extent that plaintiff is ordered to respond to defendants' outstanding demands.

The motion by Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC to withdraw as plaintiff's counsel is granted. CPLR 321 permits the attorney of record for a party to withdraw upon a showing that good cause exists to end the relationship with the client (CPLR 321[b][2]). Good cause is generally based upon an irretrievable breakdown in the relationship or a failure of cooperation by the client (See Farage v Ehrenberg, 124 AD3d 159 [2d Dept 2014]; see also McCormack v Kamalian, 10 AD3d 679 [2d Dept 2004] ["A lawyer may withdraw from representing a client, if the client, by his or her conduct, 'renders it unreasonably difficult for the lawyer to carry out employment effectively'"]).

Here Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC has demonstrated that it is unable to represent plaintiff in this case due to his refusal to cooperation in prosecuting the action and/or communicate with counsel. Accordingly, the motion for leave to withdraw as plaintiff's counsel is granted without opposition, and the instant action is stayed for forty-five days for plaintiff to retain new counsel.

In light of the foregoing, it is

**ORDERED** that Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC's motion to withdraw as plaintiff's counsel is granted; and it is further

**ORDERED** that Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC shall, within five days of filing of this order on NYSCEF, serve a copy of this order, with notice of entry, upon the plaintiff by e-mail and U.S. first-class mail, and serve upon defendants by e-filing same via NYSCEF; and it is further

**ORDERED** that no further proceedings may be taken against plaintiff without leave of this Court for a period of forty-five days from the date of this decision and order, within which time plaintiff must retain a new attorney or shall be deemed to be proceeding pro se; and it is further

**ORDERED** that defendants' motion to strike or compel is granted to the limited extent that plaintiff shall respond to defendants' Demand for a Verified Bill of Particulars; SCHIP Extension Act Demand for a Verified Bill of Particulars; Combined Discovery Demands; and Demand for Photographs, Videos, and other Recorded Materials within fifteen days after the stay of this action has been lifted; and it is further

**ORDERED** that Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC are granted a lien for their disbursement in the amount of $716.26; and it is further

**ORDERED** that Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC is granted a charging lien for attorneys' fees against the proceeds of any settlement or judgment in this action; and it is further

**ORDERED** that this charging lien is preserved until such time as a Court, upon settlement or judgment, may hear and determine the reasonable value of the Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC's services provided; and it is further

**ORDERED** that a hearing to determine the reasonable value of such services shall be held following such settlement or judgment; and it is further

**ORDERED** that no settlement or judgment shall be paid or disbursed until the amount of the charging lien is determined at said hearing; and it is further;

**ORDERED** that parties are to appear for a preliminary conference in Part 4 (80 Centre Street, room 308) on December 13, 2024 at 10:00 am; and it is further

**ORDERED** that should plaintiff fail to produce the foregoing discovery by the deadline set forth above and fail to appear at the December 13, 2024 preliminary conference, **the Court intends to dismiss this action pursuant to 22 NYCRR 202.27(b).**

This constitutes the decision and order of the Court.

| 9/20/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON. JUDY H. KIM, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | **X** NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | **X** GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | FIDUCIARY APPOINTMENT | REFERENCE |

**159765/2022   MARCOS, MARCOS PEREZ vs. 410 WEST 207TH ACQUISITION LLC ET AL**     **Page 4 of 4**
**Motion No.  002 003**

[* 4]