## 1001 Sixth Assoc. LLC v Central Entertainment Group, Inc.

### 2024 NY Slip Op 33849(U)

### October 22, 2024

### Supreme Court, New York County

### Docket Number: Index No. 652061/2023

### Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LOUIS L. NOCK**

*Justice*

-----------------------------------------------------------------------------X

1001 SIXTH ASSOCIATES LLC,

Plaintiff,

- v -

CENTRAL ENTERTAINMENT GROUP, INC.,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 38M |
| INDEX NO. | 652061/2023 |
| MOTION DATE | 08/09/2023, 02/13/2024 |
| MOTION SEQ. NO. | 002 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, and 62

were read on this motion for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 67, 68, 69, 70, 71, and 72

were read on this motion for                    ATTORNEY WITHDRAWAL                    .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, plaintiff' motion for summary judgment (Mot. Seq. No. 002) is granted as to liability only, for the reasons set forth in the moving and reply papers (NYSCEF Doc. Nos. 35, 41, 46-47, 60, 62) and the exhibits attached thereto, in which the court concurs, as summarized herein. The motion of Romano & Associates to be relieved as counsel for defendant (Mot. Seq. No. 004) is granted.

In this commercial-landlord tenant action, plaintiff has established prima facie entitlement to summary judgment by submission of the lease (NYSCEF Doc. No. 36), the notices to replenish the security deposit, of defendant's default, and terminating the lease (NYSCEF Doc. Nos. 37-39), the tenant ledger for defendant setting forth plaintiff's calculation of the arrears (NYSCEF Doc. No. 40), and the affidavit of Karen Dee, an employee of plaintiff's managing agent for the leased premises, which sets forth the circumstances of defendant's

**652061/2023   1001 SIXTH ASSOCIATES LLC vs. CENTRAL ENTERTAINMENT GROUP, INC.**          **Page 1 of 6**
**Motion No.  002 004**

[* 1]

default under the lease in greater detail (NYSCEF Doc. No. 35, ¶¶ 24-40) (*Thor Gallery at S. Dekalb, LLC v Reliance Mediaworks (USA) Inc.*, 143 AD3d 498 [1st Dept 2016]). As relevant herein, the lease provides that during the relevant time frame, defendant agreed to pay fixed rent of $647,049.71 per year, or $53,920.81 per month (lease, NYSCEF Doc. No. 36, Art. 81 [b]), as well as additional rent of late charges (*id.*, Art. 78), water charges (*id.*, Art. 29), sprinkler supervisory services (*id.*, Art. 30), electric charges (*id.*, Art. 76), real estate tax escalations (*id.*, Art. 47), lobby attendant charges (*id.*, Art. 68), heating and freight elevator services (*id.*, Art. 58), and garbage removal (*id.*, Art. 31). Defendant's obligation to pay the full amount of rent for the term of the lease survives any early expiration or termination of the lease except in cases of mutual agreement, casualty, or condemnation (*id.*, Art. 81 [g]). In the event that tenant held over in possession of the leased premises, tenant would owe monthly use and occupancy of 1/12 of the highest annual rent set forth in the lease times two, plus 1/12 of the increase in any electricity cost increase, 1/12 of any other additional rent payable under the lease that was paid annually, and the monthly items of additional rent (*id.*, Art. 74). The use and occupancy provision survives the "expiration or sooner termination of the lease" (*id.*, Art. 74 [c]). It is undisputed that defendant ceased paying rent and additional rent as of September 1, 2022.

In opposition, defendant does not raise a triable issue of fact as to liability (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). Instead, defendant claims that plaintiff has improperly calculated the outstanding arrears. In this regard, Michael Schweiger, defendant's principal, previously averred in opposition to plaintiff's withdrawn motion for use and occupancy pendente lite that on July 1, 2022, defendant informed plaintiff that it would be vacating the premises and moving to a new location (Schweiger aff., NYSCEF Doc. No. 24, ¶ 5). In response, plaintiff's managing agent wrote to Schweiger that the lease did not allow defendant

**652061/2023   1001 SIXTH ASSOCIATES LLC vs. CENTRAL ENTERTAINMENT GROUP, INC.**
**Motion No.  002 004**

**Page 2 of 6**

2 of 6

[* 2]

to simply leave the leased premises and terminate its obligations under the lease (letter dated July 1, 2022 to Schweiger, NYSCEF Doc. No. 58). Defendant then vacated the premises on September 1, 2022 (Schweiger aff., NYSCEF Doc. No. 24, ¶ 6). Plaintiff subsequently terminated the lease for defendant's failure to continue paying rent and to replenish the amount of the security deposit after it applied the security deposit to defendant's arrears (termination notice, NYSCEF Doc. No. 39), but seeks use and occupancy from the termination of the lease through March 7, 2023 (Dee aff., NYSCEF Doc. No. 35, ¶ 38).

Defendant argues that, because it vacated the leased premises, it should not be liable for use and occupancy after September 1, 2022 as it was no longer occupying the premises (*see Synod of Bishops of Russian Orthodox Church Outside of Russia v Preschool of Am. [USA] Inc.*, 214 AD3d 466, 466 [1st Dept 2023] [awarding use and occupancy "as long as the tenant continues to occupy the premises after the lease is terminated"]). Plaintiff submits a reply affidavit from its managing agent Dee, which does not meaningfully contend that defendant was still occupying or claiming an interest in the premises subsequent to September 1, 2022 (Dee reply aff., NYSCEF Doc. No. 60). Accordingly, there is an issue of fact as to whether plaintiff may recover use and occupancy for the period from November 18, 2022 through March 7, 2023, $431,366.48 of plaintiff's claimed damages (tenant ledger, NYSCEF Doc. No. 40).

In the event that the ultimate finder of fact determines that defendant did not holdover as plaintiff alleges, plaintiff can only recover the annual rent and additional rent for the remainder of the term (*id.*, Art. 81 [g]). Contrary to defendant's argument, defendant's early departure from the leased premises did not terminate its obligations to continue paying rent and additional rent for the remainder of the lease term, and defendant cites no authority stating otherwise. The plain language of the lease provides that any early termination of the lease does not terminate

**652061/2023   1001 SIXTH ASSOCIATES LLC vs. CENTRAL ENTERTAINMENT GROUP, INC.**          **Page 3 of 6**
  **Motion No.  002 004**

3 of 6

[* 3]

defendant's rent obligations (*id.*), and that "[n]o act or thing done by [plaintiff] during the term hereby demised shall be deemed an acceptance of a surrender of said premises, and no agreement to accept such surrender shall be valid unless in writing signed by [plaintiff]" (*id.*, Art. 25). The court must enforce these unambiguous provisions by their terms (*Nomura Home Equity Loan, Inc., Series 2006-FM2, by HSBC Bank USA, N.A. v Nomura Credit & Capital, Inc.*, 30 NY3d 572, 581 [2017] [internal quotation marks and citations omitted]). Based on the above reasoning, plaintiff has also established summary judgment as to liability with regard to its reasonable attorneys' fees (lease, NYSCEF Doc. No. 36, Art. 19). The amount of such fees will be determined at the trial of this matter.

Finally, the motion of Romano & Associates to be relived as counsel for defendant is granted without opposition. Counsel states in his affirmation in support that there is a conflict of interest involved, as the firm presently represents Schweiger in a companion matter to this action involving Schweiger's guaranty of the lease (Romano affirmation, NYSCEF Doc. No. 68, ¶¶ 7-8). In addition, defendant informed counsel that it would be unable to continue paying Romano & Associates' fees (*id.*, ¶¶ 9-10). While the purported conflict of interest is not well established, defendant's inability to pay is grounds for relief (*Aragona v Shaibani*, 138 AD3d 649, 650 [2d Dept 2016]).

Accordingly, it appearing to the court that plaintiff is entitled to judgment on liability and that the only triable issues of fact arising on plaintiff's motion for summary judgment relate to the amount of damages to which plaintiff is entitled, it is

ORDERED that the plaintiff's motion for summary judgment is granted with regard to liability; and it is further

**652061/2023   1001 SIXTH ASSOCIATES LLC vs. CENTRAL ENTERTAINMENT GROUP, INC.**          **Page 4 of 6**
   **Motion No.  002 004**

ORDERED that an immediate trial of the issues regarding damages shall be had before the court; and it is further

ORDERED that plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office and shall serve and file with said Clerk a note of issue and statement of readiness and shall pay the fee therefor, and said Clerk shall cause the matter to be placed upon the calendar for such trial before the undersigned; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the motion of Romano & Associates to withdraw as counsel for defendant is granted, and Romano & associates is relieved from representing defendant in this action; and it is further

ORDERED that Romano & Associates shall serve a copy hereof on defendant no later than October 31, 2024; and it is further

ORDERED that the action is stayed until December 13, 2024, save for the above required filings by plaintiff and service by counsel upon defendant, to enable defendant to retain new counsel; and it is further

ORDERED that the parties shall appear for a pre-trial conference before the undersigned on January 6, 2025 at 10:00 AM, at the Courthouse, 111 Centre Street, Room 1166, New York, New York; and it is further

**652061/2023   1001 SIXTH ASSOCIATES LLC vs. CENTRAL ENTERTAINMENT GROUP, INC.**            **Page 5 of 6**
**Motion No.  002 004**

5 of 6

ORDERED that defendant's failure to appear by counsel at said conference will allow plaintiff to move for entry of a default judgment.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 10/22/2024 | | | | LOUIS L. NOCK, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | X | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**652061/2023  1001 SIXTH ASSOCIATES LLC vs. CENTRAL ENTERTAINMENT GROUP, INC.**          **Page 6 of 6**
**Motion No.  002 004**

6 of 6

[* 6]