| |
|:---:|
| **Halden v Parker** |
| 2025 NY Slip Op 31544(U) |
| April 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654361/2020 |
| Judge: Robert R. Reed |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 43

-------------------------------------------------------------------------X

| | | |
|---|---|---|
| ANDERS HALDEN, ANDERS HALDEN, DERIVATIVELY ON BEHALF OF STRATEGIC REWARDS GROUP LLC, | **INDEX NO.** | 654361/2020 |
| Plaintiff, | **MOTION DATE** | 02/03/2025 |
| - v - | **MOTION SEQ. NO.** | 006 |
| GARY PARKER, ATLANTIS TRADING GROUP, INC., ATLANTIS CONSULTING GROUP INCORPORATED, STRATEGIC REWARDS GROUP, LLC | **DECISION + ORDER ON MOTION** | |
| Defendant. | | |

-------------------------------------------------------------------------X

HON. ROBERT R. REED:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 108, 109, 110, 111, 112, 113, 114, 115, 116, 117

were read on this motion for          ATTORNEY - DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW .

In motion sequence 006, David C. Berg, attorneys for defendants/counterclaim-plaintiffs Gary Parker, Atlantis Trading Group, Inc., and Atlantis Consulting Group, Incorporated (collectively Atlantis defendants) move to withdraw as counsel.

Attorney David C. Berg submits an affirmation dated January 30, 2025, where he affirms, under penalty of perjury, that withdrawal of his representation of the Atlantis defendants is warranted due to a breakdown of the attorney/client relationship, making it unreasonably difficult for counsel to carry out his representation in this action (NYSCEF doc. no. 109, para. 2). Attorney Berg avers that defendant Parker is close to 80 years old. Since February of 2024, he has resided in Alabama, and, due to illness, is incapable of participating in this litigation or returning to his primary residence in New York (*id.* at para. 3). Attorney Berg further submits that Parker is the sole representative of the Atlantis entities and is the only person with whom he can communicate or receive information from needed to prepare a defense of this action (*id.* at

**654361/2020 HALDEN, ANDERS vs. PARKER, GARY**
**Motion No. 006**

[* 1]

para. 4). Counsel represents that he has undertaken efforts to obtain the cooperation required but has been unable to do so due to the declining health of defendant Parker. Counsel submits that he has no ability to move this action forward and requests an order granting his withdrawal, along with a 60-day stay of this action to permit Parker to retain new counsel.

Anders Halden, plaintiff in this action, filed an affirmation in opposition to the instant motion. Halden contests Berg's efforts to communicate with defendant Parker and challenges Parker's alleged incapacitation. Halden affirms under penalty of perjury that in February 2025, he received tax forms from defendant Parker and a LinkedIn notification that Parker viewed his profile. Based on these events, Halden submits that Parker is not incapacitated or unreachable and objects to the imposition of any stay on the action (NYSCEF doc. no. 114).

CPLR 321 (b) (2) provides:

"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."

If an attorney deems it necessary to end the attorney-client relationship without the consent of the client, the attorney may move on such notice as may be directed by the court, to be relieved as counsel by court order (*Farage v Ehrenberg*, 124 AD3d 159 [2nd Dept 2014]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (*Applebaum v Einstein*, 163 AD3d 905, 907 [1st Dept 2018]).

Here, counsel Berg submitted sufficient evidence, by way of attorney affirmation, of a breakdown in the attorney-client relationship sufficient to warrant withdrawal. A party's failure

**654361/2020  HALDEN, ANDERS vs. PARKER, GARY**
**Motion No.  006**

**Page 2 of 4**

2 of 4

to communicate with its attorney, and lack of overall general cooperation with its attorney, are sufficient grounds to grant leave to withdraw (*id.*, [finding the court improvidently exercised its discretion in denying leave to withdraw when the plaintiff failed to cooperate with his legal representation and failed to oppose the motion]; *Aragona v Shaibani*, 138 AD3d 649, 650 [2nd Dept 2016][an attorney may withdraw from representing a client if the client 'fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively']).

Further, CPLR 321 (c) provides that "[i]f an attorney . . . is removed . . . at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint to appoint another attorney has been served upon that party . . ." Therefore, a stay of the proceedings is appropriate to permit the Atlantis defendants time to find new counsel.

Accordingly, it is hereby

ORDERED that the motion of David C. Berg, Esq. to be relieved as attorney for Gary Parker, Atlantis Trading Group, Inc., and Atlantis Consulting Group, Incorporated is granted upon filing of proof of compliance with the following conditions; and it is further

ORDERED that, within 10 days from entry, said attorney shall serve a copy of this order with notice of entry upon the former clients at their last known address by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by filing on the New York State Courts Electronic Filing System; and it is further

ORDERED that, together with the copy of this order with notice of entry served upon the former client, moving counsel shall forward a notice directing the former client to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the client shall

**654361/2020  HALDEN, ANDERS vs. PARKER, GARY**
Motion No.  006

**Page 3 of 4**

3 of 4

[* 3]

comply therewith, except that, in the event defendant Gary Parker intends instead to represent himself, he shall notify the Clerk of the Part of this decision in writing within said 30-day period; and it is further

ORDERED that any new attorney retained by defendants shall file a notice of appearance with the Clerk of the General Clerk's Office and the Clerk of the Part within 40 days from the date the notice to retain new counsel is mailed; and it is further

ORDERED that no further proceedings may be taken against the former clients without leave of this court for a period of 40 days after service on the former client of the aforesaid notice to appoint a substitute attorney; and it is further

ORDERED that the departing attorney shall, within 10 days from entry, serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office, the filing of a notice of appearance as provided herein, and the filing of papers as aforesaid shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that all parties shall appear for a virtual status conference on July 8, 2025 at 11:00 am.

| 4/29/25 | | ROBERT R. REED, J.S.C. |
|---------|---|------------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|-----------------------|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

654361/2020   HALDEN, ANDERS vs. PARKER, GARY
Motion No. 006

Page 4 of 4

[* 4]