Concordance Healthcare Solutions LLC v Kori Capital Inc. (2025 NY Slip Op 51529(U))

[*1]

Concordance Healthcare Solutions LLC v Kori Capital Inc.

2025 NY Slip Op 51529(U)

Decided on September 26, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2025
Supreme Court, New York County

Concordance Healthcare Solutions LLC, Plaintiff,

against
Kori Capital Inc., PAF STATUTORY TRUST, HSIAO CHEN, Defendant.

Index No. 654450/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 137, 138, 139, 140 were read on this motion for ATTORNEY -DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW.
In this motion, Alexander Talel, Esq., an attorney with the law firm Ice Miller LLP, moves, pursuant to CPLR 321 (b) (2) and Rule 1.16 of the New York Rules of Professional Conduct, seeking leave to withdraw as counsel of record for defendant Kori Capital Inc.
This is the second motion filed seeking leave to withdraw filed by an attorney with Ice Miller. The first motion, filed by attorney Heather Maly, was denied. Attorney Maly failed to properly identify what party the attorney purportedly represented and what attorney/client relationship she sought to terminate.[FN1]
Attorney Maly is purportedly no longer with the firm, and now, Ice Miller moves, again, to withdraw as counsel for Kori Capital.
Ice Miller submits that on or about April 12, 2023, counsel Maly informed Kori Capital's sole principal, Hsiao Chen that she was seeking the court's permission to withdraw from representation of Kori Capital. It is not clear whether Kori Capital, or its representatives, consented to the withdrawal. Since that date, and Maly's departure from the firm, Ice Miller has had no contact or interaction with Kori Capital and no means of contacting Hsiao Chen or individuals associated with Kori Capital (affirmation, NYSCEF doc. no. 138, paras. 5-6).
No opposition to Attorney Maly's motion to withdraw was made by either Kori Capital or Hsaio Chen, and no opposition to the within motion was filed.
Concordance Healthcare Solutions LLC, plaintiff in this action, filed an affirmation in opposition to this motion. Plaintiff submits that Ice Miller has not established good faith efforts to locate defendant Chen or representatives of Kori Capital. According to plaintiff, this filing to withdraw is a delay tactic to stall proceedings and prevent discovery from being completed [*2](affirmation in opposition, NYSCEF doc. no. 140). Plaintiff refutes Ice Miller's representation that it "never represented Chen" due to its identification as counsel for Chen in a stipulation submitted to the court (NYSCEF doc. no. 60), and argues that Ice Miller has generally failed to establish "good and sufficient cause, and reasonable notice to the client" to warrant this court granting an order of withdrawal (NYSCEF doc. no. 140, pgs. 3-4).
CPLR 321 (b) (2) provides:
"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."
If an attorney deems it necessary to end the attorney-client relationship without the consent of the client, the attorney may move on such notice as may be directed by the court, to be relieved as counsel by court order (Farage v Ehrenberg, 124 AD3d 159 [2nd Dept 2014]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Applebaum v Einstein, 163 AD3d 905, 907 [1st Dept 2018]).
Here, it is this court's view that a breakdown in the attorney-client relationship occurred between Ice Miller and Kori Capital sufficient to warrant withdrawal. A party's failure to communicate with its attorney, and lack of overall general cooperation with its attorney, are sufficient grounds to grant leave to withdraw (id., [finding the court improvidently exercised its discretion in denying leave to withdraw when the plaintiff failed to cooperate with his legal representation and failed to oppose the motion]; Aragona v Shaibani, 138 AD3d 649, 650 [2nd Dept 2016][an attorney may withdraw from representing a client if the client 'fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively']).
It is evident by Ice Miller's submissions that a breakdown in the relationship between the firm and Kori Capital has occurred, such that continuing representation is unfeasible. A failure to communicate with counsel will constitute grounds to terminate an attorney-client relationship (Applebaum at 907).
Accordingly, it is hereby
ORDERED that the motion of Alexander Talel, Esq., an attorney with the law firm Ice Miller LLP to be relieved as attorney for defendant Kori Capital Inc. is granted, without opposition from the affected client, upon filing of proof of compliance with the following conditions; within 10 days from entry, said attorney shall serve a copy of this order with notice of entry upon the former client at its last known address by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by filing on the New York State Courts Electronic Filing System; and it is further
ORDERED that, together with the copy of this order with notice of entry served upon the former client, moving counsel shall forward a notice directing the former client to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the client shall comply therewith; and it is further
ORDERED that any new attorney retained by defendant shall file a notice of appearance with the Clerk of the General Clerk's Office and the Clerk of the Part within 40 days from the [*3]date the notice to retain new counsel is mailed; and it is further
ORDERED that no further proceedings may be taken against the former client without leave of this court for a period of 40 days after service on the former client of the aforesaid notice to appoint a substitute attorney; and it is further
ORDERED that the departing attorney shall, within 10 days from entry, serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office; and it is further
ORDERED that such service upon the Clerk of the General Clerk's Office, the filing of a notice of appearance as provided herein, and the filing of papers as aforesaid shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website; and it is further
ORDERED that all parties appear for a status conference on November 25, 2025 at 11 a.m.
DATE September 26, 2025
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:Attorney Maly purportedly asked that this court relieve her of representation for defendant Hsiao Chen, when the New York Court Electronic Filing System indicated she represented defendant Kori Capital (see, NYSCEF doc. no. 129, pg. 2).